(December 31, 1895.)

# BELLEVUE WATER COMPANY v. STOCKSLAGER,. JUDGE.

### [43 Pac. 568.]

PROHIBITION—WHEN WRIT WILL ISSUE.—The writ of prohibition is. the counterpart of the writ of mandate and subject to the same conditions. It will not issue where there is a plain, speedy, and adequate remedy at law.

WRIT WILL NOT ISSUE WHERE ISSUE IS ONLY COLLATERAL.—The con- stitutionality of an act of the legislature will not be passed upon in an application for writ of prohibition in a case where it is. not directly in issue and is only collateral to the questions in issue as shown by the petition.

(Syllabus by the court.)

Original proceeding for writ of prohibition.

Hawley & Puckett and Thomas G. Hailey, for Petitioner.

The writ of prohibition in this state is, we contend, not the writ as once understood at common law. Our statute defines it (secs. 4994, 4995). But it matters little whether it is a common-law writ or not, as the writ, where common-law princi- ples pertain, will prohibit acts administrative and *quasi* judi- cial as well as those purely judicial. (19 Am. & Eng. Ency. of Law, 270, 271, 275, and notes.) What greater excess of juris- diction can be exercised than holding court in a place not au- thorized by law. The jurisdiction of the district court is lim- ited by the constitution and statutes, and any act of the dis- trict court in excess of such jurisdiction can be prohibited. (*State v. Young,* 29 Minn. 474, 9 N. W. 738.) The statute requires the holding of district courts at the county seats of the respective counties. (Sess. Laws 1890-91, p. 4.)

Johnson and Johnson, for Defendants (George M. Parsons. and Selden B. Kingsbury, of Counsel).

The writ of prohibition as defined and authorized by the Re- vised Statutes, sections 4994 and 4995, which are the same as sections 1102 and 1103 of the Code of Civil Procedure of Cali- fornia, is the common-law writ and extends only to inferior

tribunals acting judicially.   And the legislature would have no
power to enlarge the operation of the writ by extending it to
tribunals or persons "whether exercising functions judicial or
ministerial."   (*Maurer v. Mitchell,* 53 Cal. 291, 292; *Spring
Valley W. W. v. San Francisco,* 52 Cal. 117.; *Camron v. Ken-
field,* 57 Cal. 553; Spelling's Extraordinary Relief, sec. 1718.)
The nature of the act, and not the character of the officer, is
the criterion.   "The performance of a ministerial act by a judi-
cial officer does not constitute the act itself a judicial proceed-
ing."   (*People v. Bush,* 40 Cal. 344; Throop on Public Officers,
sec. 539; Spelling's Extraordinary Relief, sec. 1722.)   But at
the same time it must not be forgotten that where there is a
remedy either by *certiorari* or by appeal, the writ of prohibition
will not be issued.   (*Grant v. Superior Court,* 106 Cal. 324, 39
Pac. 604; Spelling's Extraordinary Relief, secs. 1727, 1728;
*Stoddard v. Superior Court* (Cal.), 40 Pac. 491; High's Extra-
ordinary Remedies, sec. 772; *Smith v. Whitney,* 116 U. S. 167;
6 Sup. Ct. Rep. 570.)   "The fact that a public agent exercises
judgment and discretion in the performance of his duties does
not make his actions or powers judicial in their character."
(*People ex rel. Corwin v. Walter,* 68 N. Y. 403; Throop on
Public Officers, sec. 538; *Myers v. Hamilton,* 60 Cal. 289; *Home
Ins. Co. v. Flint,* 13 Minn. 244 (Gilf. 228.)   "The writ will
lie in proper cases as to matters of a purely judicial nature;
it will not go if the proceedings which it is sought to prevent
are only ministerial."   (High on Extraordinary Remedies, sec.
769.)   "The object of a writ of prohibition is to prevent a
court of peculiar, limited or inferior jurisdiction from assum-
ing jurisdiction of a matter beyond its legal cognizance.   It
can only be issued to restrain the exercise of judicial functions."
(*Smith v. Whitney,* 116 U. S. 167, 6 Sup. Ct. Rep. 570; *Ex
parte Detroit River Ferry Co.,* 104 U. S. 520, 6 Sup. Ct. Rep.
570; *Orr v. State Board of Equalization,* 3 Idaho, 190, 28 Pac.
416.)   The petition alleges as the basis of the pending proceed-
ing that defendant (Stockslager) "threatens to hold said terms."
By reference to the dates it will be seen that the several terms
have been held.   "The writ is a preventive, rather than a cor-
rective, remedy."   (High on Extraordinary Remedies, sec. 766.)
"When, therefore, the proceedings which it is sought to pro-

hibit have already been disposed of by the court, and nothing remains to be done either by the court or by the parties, prohibition will not lie, even though the case was thus disposed of after service upon the court of a rule to show cause why the writ should not issue." ·(*United States v. Hoffman,* 4 Wall. 158; *Brooks v. Warren,* 5 Utah, 89, 12 Pac. 659.) The rightful authority of a judge in the full exercise of his public or judicial functions cannot be questioned by a mere private suitor. (*Walcott v. Wells,* 21 Nev. 47, 37 Am. St. Rep. 478, 24 Pac. 369.) The rule is, that the writ will issue from this court to restrain inferior courts from acting without authority of law, but here we find express authority of law. (High's Extraordinary Remedies, sec. 769.) No question of jurisdiction is involved, and no other matter furnishes sufficient grounds for the writ. (*Ah Goon v. Superior Court,* 61 Cal. 55.) The matter must go to jurisdiction. (High's Extraordinary Remedies, secs. 785a, 790; *Murphy v. Superior Court,* 58 Cal. 520; *Spect v. Superior Court,* 59 Cal. 319.) Question must first be submitted to and determined by the lower court. (*Chester v. Colby,* 52 Cal. 516; *Southern Pac. R. R. Co. v. Superior Court,* 59 Cal. 471; High's Extraordinary Remedies, sec. 773; *Cameron v. Kenfield,* 57 Cal. 550; *Le Conte v. Town of Berkeley,* 57 Cal. 269; *Hobart v. Tillson,* 66 Cal. 212, 5 Pac. 83.)

Petition for a writ of prohibition to restrain the respondent from holding court in Hailey or in Shoshone, as the county seat of Logan county, or as the county seat of any county. Demurrer sustained, and writ denied. It was agreed, by counsel upon both sides that these two cases should be considered and determined together. In this case H. E. Miller, as president of the Bellevue Water Company, a resident of Bellevue, prays for a writ of prohibition to restrain Judge Stockslager, the judge of district court for the fourth district, from holding court at Hailey or Shoshone, as the county seat of Logan county, and to prohibit him from holding court at any place as the county seat of Blaine county or Lincoln county, on the ground that no such counties exist, and alleges: The legislature passed two acts, as stated in petition for writ of mandate in *Wright v. Kelly,* ante, p. 624, 43 Pac. 565. That said acts are unconstitutional. That said respondent is the qualified and acting judge of fourth

judicial district, in which is Logan county. That said petitioner has a suit pending in the said court at Bellevue, and that it is material and necessary that said suit should be tried and determined at Bellevue in Logan county, and if not so tried that petitioner will sustain great and irreparable damage, not being able to obtain a trial and determination of said cause. That petitioner demanded of said judge that he hold a term of court at Hailey as the county seat of Alturas county, and that he demanded that a term of court be held at Bellevue as the county seat of Logan county. That this was refused, and that respondent appointed a term of court to be held in Hailey as county seat of Blaine county, and in Shoshone as county seat of Lincoln. That such action would recognize the acts creating those counties as valid. That respondent replied to said demand, that he held, and should continue to hold, that the city of Bellevue was not the county seat of Logan or of any county, and that he should recognize the acts creating Blaine and Lincoln counties as valid. That the parties whose interests would be directly affected by this proceeding are the city of Bellevue and the pretended counties of Blaine and Lincoln. And he asks that the chairman of each of the boards of county commissioners shall be served with process, and the mayor of the city of Bellevue. Petitioner states, as a reason for the application to this court for said writ of prohibition, that this court is the only tribunal that has power and authority to compel said judge to hold a term of court in Bellevue, as the county seat of Logan county, aforesaid. Demurrer is interposed in this case, also, on the ground that the petitioner does not state facts sufficient to entitle him to said writ.

MORGAN, C. J. (After Stating the Facts.)—By the provisions of our statute "the writ of prohibition is made the counterpart of the writ of mandate, . . . . and arrests the proceedings of any tribunal, . . . . when such proceedings are without or in excess of the jurisdiction of such tribunal." (Rev. Stats., sec. 4994.) "It may be issued by any court except a probate or justice's court, to an inferior tribunal, . . . . in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law, . . . . upon the affidavit of the person bene-

ficially interested." (Rev. Stats., sec. 4995.) It will be seen that the writ issues only when the tribunal is about to proceed in a matter in excess of its jurisdiction. The statute, itself, it would seem, answers every question raised by the petition. The petitioner asks that the respondent be restrained from holding court at Shoshone, or at Hailey, or at any other place, as the county seat of Logan county. The petition itself shows that the respondent is not proposing or threatening to hold court at either of the places named, or at any other place, as the county seat of Logan county. Again, petitioner asks, also, that respondent be prohibited from holding court at the county seat of Blaine county, or the county seat of Lincoln county, on the ground that no such counties exist. It is among the plainest and most elementary principles of law that questions not involved in the determination of a suit should not be, and cannot be, decided therein by any court, from the highest to the lowest. The petitioner, in his petition, does not show that he has any interest whatever, greater or more than any other citizen or individual, in the question as to whether the acts creating Blaine or Lincoln county are constitutional. Nor does he show that he has any interest whatever in the determination of such question. The petitioner states that the Bellevue Water Company, of which he is president, has a suit pending against the city of Bellevue in the county of Logan, and that it is material and necessary that said suit should be tried in said Logan county, and if such is not done that plaintiff will sustain great and irreparable injury by not being able to obtain a trial of said suit. Section 8 of the act creating Blaine county has the following provision: "All actions, prosecutions and legal proceedings of all kinds whatsoever now pending in either Alturas or Logan county shall be continued maintained and prosecuted in the new county of Blaine." Blaine is an organized county, with a full corps of officers, and is, in fact, a *de facto* county—a *de facto* municipal corporation—with a county seat at Hailey, with terms of court fixed and holden at said county seat, in said county. Whether constitutional or not, all the judicial machinery is in full and complete operation. The suit of the petitioner, then, may be tried at Hailey. There appears no reason in the petition why it may not be as well and as speedily tried

in Hailey as in Bellevue. The plaintiff has, then, a plain, speedy and adequate remedy at law. Where such is the case the writ cannot issue. (Rev. Stats., sec. 4995.)

All the authorities quoted in the case of the petition for writ of mandate, on this branch of the case, apply with equal force and pertinency to the application for writ of prohibition. No statement is made in the petition which indicates in the slightest degree that the constitutionality of the acts creating Blaine and Lincoln counties is in any way involved in the suit of petitioner against the city of Bellevue. The constitutionality of these acts not being involved in the said action in any way whatever, it is a matter not even collateral to the pending application. If it were a collateral issue, it could not be determined, in determining this application, as the constitutionality of an act cannot be determined when it is only collateral to a pending suit, and, more especially, when the pending action is an application for writ of prohibition. All the authorities upon this point, quoted in the application for writ of mandate, apply again with equal force and pertinency in the present application. Any opinion rendered in regard to the constitutionality of these acts would be *obiter dictum* simply, not binding on this court nor any other. The writ of prohibition will not issue where the act to be restrained has already been performed, even where the act has been performed during the pendency of the application for the writ, for the reason that the writ would be without any effect whatever. (*San Jose Sav. Bank v. Sierra Lumber Co.,* 63 Cal. 179; *More v. Superior Court,* 64 Cal. 345, 28 Pac. 117; 19 Am. & Eng. Ency. of Law, 273.) The terms of court, both in Blaine and Lincoln counties, sought to be restrained, have already been held.

Petitioner further alleges that the said action of the district court will be highly injurious to the residents and taxpayers of Logan county, and will be injurious to the Bellevue Water Company, plaintiff herein, in that it will prevent this plaintiff from having a trial of said cause before a tribunal having a legal existence. In what respect the holding of a term of court in Hailey will be injurious to the residents and taxpayers of Logan county is not shown, and we cannot assume or presume any injury not alleged or shown. If the plaintiff should obtain a

judgment against the city of Bellevue in Blaine county, and at Hailey, it would be as valid and binding as if it were obtained at Bellevue, as the petition states facts which show that Blaine county is fully organized as a municipal corporation, and is, as was said above, a *de facto* county, and the acts of the court while holding its session at Hailey are as valid and binding upon litigants as if held in any other county within its jurisdiction. In short, it does not appear that the constitutionality of the acts creating Blaine county or Lincoln county is involved in any way in petitioner's suit against the city of Bellevue. It does appear that the petitioner has a plain, speedy and adequate remedy at law. It does not appear that the district court of the fourth judicial district is proceeding, or is about to proceed, in any way in excess of its jurisdiction. The demurrer must be sustained, and the writ denied, and it is so ordered.

Sullivan and Huston, JJ., concur.