Argument for Appellant.

(August 4, 1896.)

## BLAINE COUNTY v. HEARD.

[45 Pac. 890.]

LEGISLATIVE JOURNALS—COURT WILL NOT EXAMINE FOR MOTIVE.—The court will not examine the journals of the legislature for the purpose of inquiring into the motive which actuated the legislature, or any member of it, in enacting a law.

BLAINE AND LINCOLN COUNTIES—ORGANIZATION OF—CONSTITUTIONAL.— The act of the legislative assembly (Sess. Laws 1895, p. 32), organizing the counties of Blaine and Lincoln, declared valid and constitutional.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Hawley & Puckett, for Appellant.

The action was commenced by Blaine county against W. E. Heard for the recovery of books and papers, etc., belonging to the office of probate judge and *ex-officio* superintendent of public instruction of Logan county. An alternative writ of mandate was issued, and the defendant answered alleging his election to the office of probate judge of Logan county, his qualification, and that he still filled that office, and disputing the constitutionality of the law of the third session abolishing Logan county and creating Blaine and Lincoln counties. The first session of the state legislature passed an act on March 3, 1891, entitled: "An act to create and organize the counties of Alta and Lincoln and to apportion the debt of Logan county." On March 5, 1895, the legislature passed the act now in controversy abolishing the counties of Alturas and Logan and creating the county of Blaine, and at the same session March 11, 1895, in a separate act created the county of Lincoln out of territory comprising the said county of Blaine. The constitutionality of this law was questioned and proceedings had in this court to determine the same, and on June 3, 1891, in *People v. George*, 3 Idaho, 72, 26 Pac. 983, this court decided the act unconstitutional. To uphold the acts in question would be to offer premiums for legislative trickery; to say to that branch of the state government that specious evasion and legis-

lative circumlocution would, by proper manipulation of experienced lobyists, make it possible by indirect means to void sections of the constitution already interpreted by the courts. (*People v. Marshall,* 12 Ill. 391.) We contend that these acts, passed as they were—contemporaneously, and considered together by the legislature—must be considered together by the courts. (*In re Hall,* 38 Kan. 670, 17 Pac. 649.) A law which is a mere device to evade the constitutional provisions, prohibiting special legislation, cannot be upheld. (*Devine v. Commins Cook Co.,* 84 Ill. 592; *Commonwealth v. Patten,* 88 Pa. St. 258; *State v. Mitchell,* 31 Ohio St. 607.)

Attorney General Parsons and Selden B. Kingsbury, for Respondent.

Constitutional questions affecting the right of a political subdivision of state to exist cannot be collaterally raised in opposition to the functional operations of such political subdivision, simply acting as such. (Cooley's Constitutional Limitations, 6th ed., 309, 310.) The facts are stated in appellant's brief. The argument is the same word for word, and the authorities are the same that were presented in the case of *Wright v. Kelly,* passed upon by this court and reported in 4 Idaho, 624, 43 Pac. 565.

HUSTON, J.—In the cases of *Wright v. Kelly,* 4 Idaho, 624, 43 Pac. 565, and *Water Co. v. Stockslayer,* 4 Idaho, 636, 43 Pac. 568, all of the questions raised in this case were fully argued and presented; and perhaps, had the court been less particular in construing the record and confining itself thereto, the necessity for bringing this action might have been avoided, as the sole question involved in all of these cases is the constitutionality of the acts of the legislative assembly (Sess. Laws 1895, pp. 32, 170), it being charged by appellants in *Wright v. Kelly* and in *Water Co. v. Stockslager, supra,* that said acts were passed fraudulently, and through influence of improper and illegal means, which fact, it was claimed, was evidenced by the journals of said legislative assembly. We held, substantially, in *Wright v. Kelly, supra,* that it was not the province of the court to inquire, through the medium of the journals or otherwise, into the motive which prompted the legislature, or any

member or members thereof, in the enacting of a law.   In our investigation of the records of that body, we were confined in our inquiries to the question of whether the requirements of the constitution had been complied with.   Further than that we cannot go.   There is nothing in the journals of either branch of the legislative assembly which in the slighest degree supports the contention of the appellant.

Notwithstanding this case, in all its salient points, has been heretofore presented, and considered by us, in view of its importance we have again gone carefully over the case, as presented in the briefs and arguments of counsel, and are convinced that the contention of appellant cannot be sustained, and that the acts of the legislative assembly of Idaho (Sess. Laws 1895, pp. 32, 170) establishing the counties of Blaine and Lincoln are valid and constitutional laws.   The decision of the lower court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.