(December 13, 1897.)

## OSBORN v. RAVENSCRAFT.

### [51 Pac. 618.]

COUNTY LITIGATION—PAYMENT OF COSTS.—Where a county was engaged in litigation, and the necessity for the present payment of a small amount of costs arose, and a member of the board of commissioners for the county advanced the required sum, the allowance of the sum so advanced by the board will not be reversed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

A. F. Montandon, for Appellants.

On February 6, 1896, the board of Blaine county commissioners, by their order did allow and order paid its chairman, I. T. Osborn the sum of sixty-three dollars and fifty cents for moneys advanced the county. From said order J. W. Ravenscraft, H. E. Miller and H. R. Plughoff, as taxpayers, appealed on the ground that the order was illegal and prejudicial to the public interest. Two assignments are made why the evidence does not support the decision: 1. It does not therefrom appear that it is a commissioner's duty to advance money to the county; 2. It does not therefrom appear that the claim is for said I. T. Osborn's services to the county. The decisions seem uniform on the point that county commissioners have no general or implied powers, and that their powers, whatever they be, are such only as given them by positive law. (*Gorman v. Board,* 1 Idaho, 553, 556, 558; *City of Ottawa v. Carey,* 108 U. S. 110, 2 Sup. Ct. Rep. 361; *Barnett v. Denison,* 145 U. S. 135, 12 Sup. Ct. Rep. 819; *Glass v. Asbury,* 49 Cal. 571; *McCoy v. Bryant,* 53 Cal. 247, 249.)

Lyttleton Price, for Respondents, files no brief.

HUSTON, J.—This is an appeal from the action of the district court of Blaine county in affirming the action of the board of commissioners of said county in allowing a claim of I. T. Osborn, chairman of said board, for moneys laid out and ex-

pended by said Osborn as a member of said board in behalf of said county. It is not claimed nor pretended that the full amount set forth in the bill of the claimant was not paid out and expended by said commissioner for the benefit of said county. It is not pretended that the money was not paid for legitimate and legal charges against the county, being for the payment of costs incurred in suits in which the county was a party, and which were then pending, nor that the claimant realized, directly or indirectly, any pecuniary benefit from the payments so made by him. A necessity arises, as appears by the record in this case, involving the payment of a small sum of money in behalf of the county, and to protect its important interests. The chairman of the board of commissioners for the county is present, is advised of the necessity, and he advances the money. The patriotic, unselfish, self-constituted guardians of the public weal of the county say, not that the claim was not a legal and legitimate one, but that certain technical requirements of the statute were omitted, an attempt to comply with which would not only have defeated the purpose sought, but would have involved an expense far beyond the amount claimed and allowed. While we would not countenance any deviation from the duty imposed by law upon the board of commissioners or any other officials, still, recognizing the fact that in the mutation of human affairs an occasion may arise when adherence to the strict letter of a law may crucify its intent and spirit, we do not hesitate, as in this case, to inquire into the real facts of the case, and, so inquiring, we find that the respondent acted honestly and patriotically in what he did; that, while the technical requirements of the law were not strictly complied with, the nonobservance thereof wrought no injury to the county; on the contrary, the county was benefited thereby; and we further find that this appeal is frivolous, and actuated by motives which we cannot commend. The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.