(January 14, 1899.)

PEOPLE EX REL. ATTORNEY GENERAL v. ALTURAS COUNTY.

[55 Pac. 1067.]

COUNTIES—RECOGNITION OF—ESTOPPEL.—The state, having, through each of its co-ordinate branches of government, repeatedly recognized Blaine county as a county and legal subdivision of the state, is estopped, after the lapse of nearly four years, from questioning the regularity of the passage of the act creating the county.

SAME.—Act creating county will not be inquired into after recognition for four years. The legislature, by an act approved March 5, 1895, established the county of Blaine; the legislature thereafter, in four different acts, recognized the existence of Blaine county as a legal subdivision of the state; the supreme court of the state held the acts creating Blaine county to be valid; its existence was repeatedly recognized by the executive department; the people residing within the territory embraced within Blaine county repeatedly recognized the existence of the county; *held*, general elections therein, participated in by the electors, generally elected county and precinct officers, levied and collected taxes, assumed debts of its predecessors, funded a large indebtedness, brought suits as a county against other counties, and recovered large sums, and exercised all the powers and functions of a county government for a period of nearly four years. *Held*, that under such circumstances, the court would decline to examine into the manner of the passage of the act creating the county.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Kingsbury & Parsons and Johnson & Johnson, for Appellants.

Not only has the creation, organization and existence of Blaine county been repeatedly recognized and declared by the judiciary, but its recognition by the other co-ordinate departments of the state government has been no less unequivocal and explicit. The legislative department, by an act approved March 9, 1895, to provide for the annexation of a part of Blaine county to Custer county (Laws 1885, p. 141), a statute unimpeached and unimpeachable here, recognized Blaine county as one of the existing counties of the state, with the organization, duties and liabilities attendant upon such public *quasi* corporations. For nearly four years all these obligations and duties, involving the administration of justice, the levy of taxes, the collection and payment of the county's portion of the state revenue, the support of the common schools, the building and improvement of roads and bridges, the support of paupers and the various other governmental functions that our statutes impose upon the political subdivisions of the state, have been imposed upon and performed by Blaine county. (*Speir v. Board of Commissioners,* 88 Fed. 762; *People v. Maynard,* 15

Mich. 463; *State v. City of Des Moines,* 96 Iowa, 521, 59 Am. St. Rep. 381, 65 N. W. 818, 822, 824; *State v. Leatherman,* 38 Ark. 81; *Rumsey v. People,* 19 N. Y. 41; *Lanning v. Carpenter,* 20 N. Y. 447; *Van Valkenburgh v. Milwaukee,* 43 Wis. 582.) In construing statutes and the constitution, the rule is almost universal to adhere to the doctrine of *stare decisis.* (*Evans v. Job,* 8 Nev. 34; *Multnomah County v. Sliker,* 10 Or. 66; *Shreve v. Cheesman,* 69 Fed. 791; Black on Interpretation of Laws, 34; *People v. Supervisors of Benzine Co.,* 34 Mich. 211; *People v. Treasurer of Benzine Co.,* 41 Mich. 6; *Kneeland v. Milwaukee,* 15 Wis. 522.) It is a principle of law that where a county has a *de facto* existence (and this fact is alleged in the complaint herein), that recognition and long acquiescence in the existence of the county estops the state from denying its *de jure* existence. Every branch of the government of the state has recognized Blaine as a county of Idaho: The legislature by three separate acts; the judicial by many decisions and opinions besides those above mentioned. (*Bingham Co. v. Bannock Co.,* 5 Idaho, 627, 51 Pac. 769; *Blaine Co. v. Lincoln Co.,* ante, p. 57, 52 Pac. 165; *Blaine Co. v. Smith,* 5 Idaho, 255, 48 Pac. 286; *Osborn v. Ravenscraft,* 5 Idaho, 612, 51 Pac. 618; *Ravenscraft v. Board of Commrs.,* 5 Idaho, 178, 47 Pac. 943.)

Arthur Brown, for Respondent.

It is undoubtedly true that mere irregularities in an organization under a valid law may possibly be cured by delay, but unconstitutionality never can. If an act is unconstitutional in its incipiency, it is null and void. It never can be made valid; each day of delay was only a fresh usurpation. (19 Am. & Eng. Ency. of Law, "Quo Warranto," p. 672; *People v. Stanford,* 77 Cal. 360, 18 Pac. 85, 19 Pac. 693; *People v. Reclamation District No. 136,* 121 Cal. 522, 50 Pac. 1069, 53 Pac. 1085; *Commonwealth v. Allen,* 128 Mass. 310; *State v. Crow Wing Co. Commrs.,* 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L. R. A. 745; *Attorney General v. Marr,* 55 Mich. 445, 21 N. W. 883; *St. Louis etc. R. R. Co. v. Belleville,* 122 Ill. 383, 12 N. E. 680; *United States v. Insley,*

130 U. S. 263, 9 Sup. Ct. Rep. 485; *United States v. Beebe,*
127 U. S. 338, 8 Sup. Ct. Rep. 1083.)   To constitute *res judi-
cata* there must have been a judgment of the exact issue by a
court of competent jurisdiction upon the exact point involved
in certain cases sought to be estopped.   It must have been upon
an issue found; that point must have been necessary to the de-
cision.   It must be between the same parties; in other words,
to constitute an estoppel here a suit must have been between
the state of Idaho on one side, as represented by its attorney
general, and the county of Blaine on the other, and the ques-
tion must have been involved as to the constitutionality of the
creation of Blaine county, and the court must have decided
that, and that must have been necessary to the decision.
(*Johnson v. Powers,* 139 U. S. 157, 11 Sup. Ct. Rep. 525;
*Bedon v. Davie,* 144 U. S. 143, 12 Sup. Ct. Rep. 665; *Wixson
v. Devine,* 67 Cal. 341, 7 Pac. 776.)

QUARLES, J.—This action, in the nature of *quo warranto,*
was commenced in the name of the state *ex rel.* attorney gen-
eral, to recover judgment excluding the defendant, Blaine
county, from exercising the rights, privileges, and powers of
municipal government within the boundaries fixed by the act
creating the county.   The two questions raised by the record
are these: Was the act of March 5, 1895, creating Blaine
county, prohibited by the provisions of article 18 of the con-
stitution?   Was said act passed in the manner prescribed by
the provisions of article 3 of the constitution?

The first of these questions was answered by this court in
the decision in the case of *Blaine Co. v. Heard,* August 4, 1896,
reported in 5 Idaho, 6, 45 Pac. 890, where the court, speak-
ing through its present chief justice, said: "Notwithstanding
this case, in all its salient points, has been heretofore presented
and considered by us, in view of its importance we have again
gone carefully over the case as presented in the briefs and ar-
guments of the counsel, and are convinced that the contention
of the appellant cannot be sustained, and that the acts of the
legislative assembly of Idaho (Sess. Laws 1895, pp. 32, 170)
establishing the counties of Blaine and Lincoln are valid and
constitutional laws."   It will thus be seen that more than two

years ago this court held said act to be constitutional. Since then the people of these two counties, doubtless relying on the judgment of both the legislative and judicial branches of government, have acted on the theory that said act was valid; and the former decision of this court, having been acted upon by the people, who have adjusted the business matters of the county, funded old indebtedness, and created new, should not be disturbed at this late day. No good would be accomplished by overruling that decision, but much evil and confusion would result therefrom. Whether that decision was right or not, public policy and sound legal principles demand that we now adhere to it, and regard that question as a sealed book, which is no longer open to public scrutiny.

But it is argued that the manner of the passage of said act was not considered by the court in *Blaine Co. v. Heard, supra,* and that that question is now open, and should be determined in this case. If the regularity of the passage of that act had been attacked in the case of *Blaine Co. v. Heard,* the decision would have been upon the same lines as the decision in *Cohn v. Kingsley,* 5 Idaho, 416, 49 Pac. 985. But that question was not raised in the Heard case, or in any other case that has come before this court. We feel that it is our duty, under the circumstances of this case, taking into consideration the nature of the act in question, the long-continued acquiescence in and recognition of the validity of said act, both by the state and by the people residing in the defendant county, to hold that the state is now estopped from questioning the regularity of the passage of the act in question. The legislature has recognized the validity of the act in question in at least four different bills which have been introduced and apparently enacted into law since its passage. At the regular elections in 1896 and 1898, men have been elected by the people of Blaine county to represent "Blaine county" in both houses of our state legislature, and the senators and representatives so elected have been received and recognized in the legislature as legal representatives of Blaine county. In fact, Blaine county, through its senators and representatives, has participated in conducting and carrying on the state government itself, and has been permitted to do so by the state government, through its different

branches, without question.   Then the defendant county has
been recognized as a valid subsisting county by the courts of
this state in divers actions, notably the following cases:
*Wright v. Kelly,* 4 Idaho, 624, 43 Pac. 565; *Blaine Co. v.
Heard,* 5 Idaho, 6, 45 Pac. 890; *Bellevue Water Co. v.
Stockslager,* 4 Idaho, 636, 43 Pac. 568; *Ravenscraft v. Board,*
5 Idaho, 178, 47 Pac. 942; *Blaine Co. v. Smith,* 5 Idaho,
255, 48 Pac. 286; *Osborn v. Ravenscraft,* 5 Idaho, 612, 51 Pac.
618; *Bingham Co. v. Bannock Co.,* 5 Idaho, 627, 51 Pac.
769; *Blaine Co. v. Lincoln Co.,* ante, p. 57, 52 Pac. 165.
The defendant county has adjusted its business matters, funded
a large indebtedness inherited by it from other counties, and
has sued, as a county, other counties, and recovered large sums
of money.   Its existence having been recognized by every de-
partment of the state government, and it having been invited
and encouraged to act in its municipal capacity, and having
acted in such capacity, in the matters suggested, public policy
and sound principles of law require that the state now be held
estopped from questioning the manner of the passage of the
act in question.   (*People v. Maynard,* 15 Mich. 463; *Rumsey
v. People,* 19 N. Y. 41; *Mitchell v. Campbell,* 19 Or. 198, 24
Pac. 455; *Speer v. Board,* 88 Fed. 762; *State v. City of Des
Moines,* 96 Iowa, 521, 59 Am. St. Rep. 381, 65 N. W. 818;
*Jameson v. People,* 16 Ill. 257, 63 Am. Dec. 304; Cooley's Con-
stitutional Limitations, 4th ed., 312.)

It is unnecessary to cite further authority or adduce further
argument showing why the state should be now held estopped
from questioning the legal existence of Blaine county.   We do
not desire to be regarded as announcing the rule that a legis-
lative act which is void at the time of its passage, because not
passed in the manner required by the constitution, can ripen
into a valid act by the mere lapse of time.   The conclusion in
this case is based upon a rule of estoppel, demanded in this
case by public policy.   The act in question is different from an
ordinary act of legislation, and should not be held subject to
the same rules, under the conditions surrounding this case.
The judgment of the district court is reversed, and the cause
remanded, with instructions to sustain the defendants' de-

murrer to the complaint, and enter judgment in favor of the defendants, dismissing the action. Costs awarded neither party.

Huston, C. J., concurs.

Sullivan, J., while sitting at the hearing, took no part in the decision.