339 P.2d 665

**Thomas CLEMENS, Plaintiff-Respondent,**

v.

**PINEHURST WATER DISTRICT, a Municipal Corporation of the State of Idaho, Walter J. Morbeck, Albert Meacham, Daniel Fultz, Ivan Green, Milton Cowles, Defendants-Appellants.**

No. 8765.

Supreme Court of Idaho.

May 18, 1959.

James G. Towles, Kellogg, for appellant.

James P. Keane, Wallace, for respondent.

James W. Givens, Lewiston, and Burcham & Blair, Spokane, Wash., amici curiae.

SMITH, Justice.

Appellant, Pinehurst Water District, hereinafter referred to as the District, allegedly is a municipal corporation created pursuant to the water and sewer district Act, Idaho Code, Title 42, chapter 32, as it existed prior to the 1957 amendments. The individual appellants allegedly are the directors of the District.

References hereinafter are to said title and chapter, and particularly to I.C. § 42–3207, prior to the 1957 amendments (S.L. '57, ch. 29, and particularly secs. 1 and 2.).

Respondent alleges that he is a resident and recorded owner of real property situate within the boundaries of the District, and that he pays real property taxes which in part contribute to payment of the obligations of Pinehurst Water District.

Respondent commenced this proceeding January 15, 1959, to determine the validity of an election held June 5, 1956, for the purpose of organizing the District, and of the district court's order of June 8, 1956, creating the District; also to enjoin the District from issuing its general obligation negotiable coupon bonds in the amount of $240,000 which it voted November 20, 1956.

The organizational election was held pursuant to the court's order directing that "the qualified electors and the taxpayers of the District may vote on the question of whether or not said District shall be organized," pursuant to a then existing portion of I.C. § 42–3207, prohibiting persons, though residents and qualified electors, who are not taxpayers, from voting at the organizational election.

The parties submitted the proceeding at bar to the district court for decision, upon a stipulation of facts. The court's resulting judgment, entered February 4, 1959, dissolved the District and adjudged as void the June 8, 1956 court order creating the District; also enjoined the District's officers from issuing the District's general obligation coupon bonds, or any obligation creating an indebtedness against the District.

The district court grounded its judgment upon the theory, incorporated in its findings and conclusions, that the portion of I.C. § 42–3207 which prohibited residents and qualified electors, who are not taxpayers, from voting at an organizational election, was unconstitutional as being in conflict with Idaho Constitution, Art. I, § 20, which provides:

"No property qualifications shall ever be required for any person to vote or hold office except in school elections, or elections creating indebtedness, or in irrigation district elections, as to which last-named elections the legislature may restrict the voters to land owners."

and that the referred to portion of I.C. § 42–3207 rendered void all of the water and sewer district Act, being Idaho Code, Title 42, ch. 32.

Appellants perfected an appeal from the judgment and the findings and conclusions upon which it is grounded.

Appellants do not attempt to sustain, but concede, the unconstitutionality of the portion of I.C. § 42–3207 requiring the taxpayer qualification of organizational electors. This Court likewise recognizes the unconstitutionality thereof.

Appellants' assignments of error raise the question whether the provision of I.C. § 42–3207 requiring taxpayer qualification of organizational electors, voids the entire water and sewer district Act.

The legislature intended that the Act be severable, as stated in I.C. § 42–3227, as follows:

"If it should be judicially determined that any part of this act is invalid or unenforceable, such determination shall not affect the remaining parts, it being the intention to make this act and all its parts severable."

This Court must recognize that expressed legislative intent, if it is possible to do so under any theory.

The power of the legislature to legislate relative to the subject matter, including the organization of districts authorized by the water and sewer district Act, cannot be questioned; nor do appellants urge any lack of such legislative power.

The objectionable portion of I.C. § 42–3207 relating to the taxpayer qualification of electors for organizational purposes, being severable, under such circumstance, the entire Act cannot be held unconstitutional. This Court heretofore has recognized this principle in Bissett v. Pioneer Irrigation Dist., 21 Idaho 98, 102, 120 P. 461, 462, and, in so ruling, stated:

"Now it is clear that section 2379 [Rev.Code] is unconstitutional in so far as it requires that a person shall be 'a holder of land within the boundaries' of the irrigation district in order to entitle him to vote at an election of district officers. It was distinctly so held by this court, in Pioneer Irrigation Dist. v. Walker, [20 Idaho 605], 119 P. 304, in passing on the act of March 6, 1911. The fact, however, that the statute attempts to require this extra qualification, which is in violation of the constitution (section 20, art. 1), does not avoid or vitiate the entire statute. The unconstitutional portion can be eliminated, and still leave the statute complete and operative. On the other hand, it can-

not be reasonably said that this provision or qualification as to the right to vote was the inducement for the passage of this statute, or that the Legislature would not have passed the statute had the unconstitutional provision been eliminated. That an unconstitutional provision or requirement in an election law may be eliminated, and the remainder of the statute be held valid and constitutional, has been held by the Supreme Court of Wisconsin in State ex rel. Cornish v. Tuttle, 53 Wis. 45, 9 N.W. 791. A similar conclusion was reached by the New York court of appeals in People v. Kenney, 96 N.Y. 295. In Browne v. City of Mobile, 122 Ala. 159, 25 So. 223, the Supreme Court of Alabama held that, where a statute required a qualification for the office of city recorder that was contrary to the provisions of the Constitution, the unconstitutional portion of the statute might be eliminated and the remainder of the statute be held valid. A similar view was expressed by the Supreme Court of Indiana on a kindred question in State v. Ray, 153 Ind. 334, 54 N.E. 1067, and by the Supreme Court of Vermont in State v. Scampini, 77 Vt. 92, 59 A. 201."

In Boise City v. Better Homes, 72 Idaho 441, 447, 243 P.2d 303, 306, this Court said:

"Provisions of the statutes governing elections, in the absence of legislative expression to the contrary, are regarded as directory, unless it appears that a failure to comply may affect the result of the election."

The record of the proceedings organizing appellant District, to and including the district court's order of June 8, 1956 creating it, shows that no person appeared and contested the organizational proceedings; although said Act was fully complied with relative to notice, and opportunity afforded so to do. Moreover, respondent makes no attempt in the proceeding at bar to show that any organizational elector's vote was challenged for lack of qualification, or otherwise; or to show that the result of the organizational election of appellant District would have been different, had the mandate of Idaho Constitution, Art. I, § 20, relative to qualification of electors, been observed.

It is elementary that the unconstitutional portion of I.C. § 42–3207 cannot be considered, because of invalidity, as a portion of the water and sewer district Act; also, that the requirement of the Constitution relative to qualification of electors, Idaho Const. Art. VI, § 2, must be read into and be construed a part of the Act.

We therefore must hold that the portion of I.C. § 42–3207 relative to tax-

payer qualification of electors at an organizational election of a water and sewer district does not invalidate the entire water and sewer district Act, Idaho Code, Title 42, ch. 32, but that such objectionable provision of the statute is separable from said Act.

■ Appellants' assignments of error raise a second and last question, whether the district court's order of June 8, 1956, declaring appellant District organized, is subject to collateral attack in the present proceeding.

I.C. § 42–3207 further provides:

"If an order be entered establishing the district, such order shall be deemed final and no appeal or writ of error shall lie therefrom, and the entry of such order shall finally and conclusively establish the regular organization of the said district against all persons except the state of Idaho, in an action in the nature of a writ of quo warranto, commenced by the attorney-general within thirty days after said decree declaring such district organized as herein provided, and not otherwise. The organization of said district shall not be directly or collaterally questioned in any suit, action or proceeding except as herein expressly authorized."

Appellants assert that appellant District is a de facto public corporation and that its acts and those of its directors in voting said bond issue, are valid and binding; that the authority exercised by the District pursuant to its charter, granted under and by virtue of the water and sewer district Act, must be accorded validity; that the question of the validity of the District as a public or municipal corporation could have been raised only by "the state of Idaho, in an action in the nature of a writ of quo warranto, commenced by the attorney-general within thirty days after said decree declaring such district organized * * *, and not otherwise," and that the question of invalidity of the District cannot be raised in the proceeding at bar, admittedly a collateral proceeding, since "the organization of said district shall not be directly or collaterally questioned." I.C. § 42–3207.

We recognize applicability of the proposition in a proper case, that an unconstitutional statute, because void, is not a law, confers no rights, imposes no duties, affords no protection, and creates no office, and in legal contemplation is as inoperative as though never enacted. State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328; Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178; City of Albuquerque v. Water Supply Co., 24 N. M. 368, 174 P. 217, 5 A.L.R. 519; Findlay v. Board of Sup'rs of County of Mohave, 72 Ariz. 58, 230 P.2d 526, 24 A.L.R.2d 841; Ex parte Anderson, 125 Mont. 331,

238 P.2d 910; State ex rel. Evans v. Brotherhood of Friends, 41 Wash.2d 133, 247 P.2d 787; 11 Am.Jur., Constitutional Law, § 148, p. 827; Annotation 136 A.L.R. 187.

There is ample authority, however, supporting the proposition that a statute under which a municipal corporation is organized, although unconstitutional, affords color of law to the corporation and that it is immune against collateral attack.

In Morgan v. Independent School Dist. No. 26–J, 36 Idaho 372, 382–383, 211 P. 529, 532, this Court recognized the rule that "A municipality created under an unconstitutional charter is a *de facto* corporation. * * * And this court has heretofore recognized the existence of *de facto* private corporations [citations], as well as *de facto* municipal corporations [citations]." The Court then ruled (36 Idaho 382, 211 P. at page 532):

"Moreover, the rule is well established that when the creation of a public corporation, municipal or *quasi* municipal, is authorized by statute, and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can be determined only in a suit brought for that purpose in the name of the state or by some individual

under the authority of the state who has a special interest which is affected by the existence of the corporation. [citations]."

and the Court further stated (36 Idaho at page 383, 211 P. at page 211):

"There seems to be a general unanimity among the courts upon the proposition that, where the existence of a municipal corporation is not questioned by the state, it cannot be brought in issue by a private individual in a collateral proceeding. [citations]."

This rule is stated in McQuillin, Municipal Corporations, 3rd Ed., Vol. 1, § 3.51:

"If a municipal corporation is a de facto corporation, it can be attacked only by quo warranto or like proceedings at the instance of the state. In such a case, the validity of its incorporation and its corporate existence cannot be questioned in a collateral proceeding either by the state, a private person, or the municipality. In such a case, a private person cannot attack the validity of the incorporation either in a suit by or against him."

and in Cooley's Constitutional Limitations, 8th Ed., Vol. 1, p. 531, it is stated:

"In proceedings where the question whether a corporation exists or not arises collaterally, the courts will not

permit its corporate character to be questioned, if it appear to be acting under color of law, and recognized by the State as such. Such a question should be raised by the State itself, by *quo warranto* or other direct proceeding."

and in the recent work, Rhyne, Municipal Law, (1957), § 2–25, p. 25, appears the following statement of the rule fortified by eminent authorities:

"It is the generally held view that none but the state can call a *de facto* municipal corporation's existence into question, and then only in a direct proceeding for that purpose such as *quo warranto* proceeding by the state attorney general or other officer or person authorized by law to invoke the remedy. * * * However, the validity of the incorporation and *de facto* existence, cannot be challenged by either the state or a private person in a collateral proceeding, where the main purpose of the action is not to determine corporate existence. * * *."

See also Wright v. Kelley, 4 Idaho 624, 43 P. 565; Bellevue Water Co. v. Stockslager, 4 Idaho 636, 43 P. 568; Blaine County v. Heard, 5 Idaho 6, 45 P. 890; City of Albuquerque v. Water Supply Co., 24 N.M. 368, 174 P. 217, 5 A.L.R. 519; Petition of Board of Fire Com'rs, etc.,

Sup., 29 N.Y.S.2d 605; Armbruster v. City of Middletown, 74 Ohio App. 321, 58 N.E.2d 778; Bowman v. City of Moorhead, 228 Minn. 35, 36 N.W.2d 7, 7 A.L.R.2d 1401; Annotation 136 A.L.R. 187.

The foregoing rule is founded in public policy, or public necessity. Wright v. Kelley, supra. The legislature recognized such rule in its declaration of public purpose expressed in I.C. § 42–3201, also in I.C. § 42–3207, forbidding any attack on the validity of a district organized under the water and sewer district Act, except by the state in quo warranto proceedings, and safeguarding the organization of any such district from collateral attack. In the Wright v. Kelley case, it was contended that the act creating a county was unconstitutional. The Court, after announcing the rule that the question of invalidity of a municipal corporation cannot be raised in a collateral proceeding, but only by the state in an action in quo warranto, stated [4 Idaho 624, 43 P. 565]:

"The reason for this rule is apparent and plain to the most ordinary understanding. If one individual in a suit for the enforcement of a private right may raise the constitutionality of the organization of a county, another may do so, and this may extend to 100 individuals, each thinking he has a new or better reason to present to the court why it should declare the

law organizing a county unconstitutional; and thus the constitutionality of the law would continually be before the court in the most trivial suits, and the decision in none of the cases would be authoritative to destroy the *de facto* existence and organization of the county, because neither the county nor the state would or could be legally a party in any of the suits; and thus the public, consisting of all the citizens of the county or of the state, in no sense a party to the litigation, would have the validity of their corporate existence determined, or attempted to be determined. And the rule, we apprehend, would be no different if the constitution itself prescribed the manner of incorporation."

And in City of Albuquerque v. Water Supply Co., supra [24 N.M. 358, 174 P. 225], after discussion of the rule, that the validity of a municipal corporation created under an unconstitutional statute can only be questioned by direct proceeding instituted by the state, appears the following:

"The reason for the rule is stated to be public policy or public necessity.

There are many well-considered cases upholding this view." See also Annotation 136 A.L.R. 187, under "Conclusion" p. 204.

The judgment of the district court is reversed, and the cause remanded with instructions to dismiss the proceeding.

Costs to appellants.

TAYLOR and McQUADE, JJ., and MARTIN and BELLWOOD, D. JJ., concur.