Delaney vs. Schuette.

---

DELANEY vs. SCHUETTE.

*April 24 — May 11, 1880.*

(1) DEPUTY CLERK: *presumption as to his acts.*
(2) APPEALABLE ORDER.

1. Where a certificate (as one annexed to the papers transmitting a cause from one circuit to another on change of venue) is made in the name of the clerk, but signed by the *deputy clerk,* it must be *presumed,* in the absence of all proof, that the circumstances existed which authorized the deputy clerk to act, under the statute, although the certificate itself does not so state.

2. Where a cause has been duly sent by one court to another for trial, an order of the latter court striking the cause from its calendar for want of jurisdiction, is appealable. *McLeod v. Bertschy,* 30 Wis., 324; *Lee v. Buckheit, ante,* p. 54.

Delaney vs. Schuette.

APPEAL from the Circuit Court for *Ozaukee* County.

This action was commenced in the circuit court for Manitowoc county; but the place of trial was duly changed to the circuit court for Ozaukee county. When the cause was reached on the calendar of the latter court, and called for trial, the court made an order striking it from the calendar for reasons which are stated in the opinion; and from this order plaintiff appealed.

The cause was submitted on the brief of *W. H. Norris* for the appellant, and that of *J. D. Markham* and *W. J. Turner* for the respondent.

COLE, J. The certificate which was annexed to the papers transmitting this cause from the Manitowoc circuit court, on change of venue, was made in the name of the clerk, but signed by the deputy clerk. The learned judge of the circuit court for Ozaukee county, where the cause was sent for trial, held that the certificate was void for want of authority on the part of the deputy to make the same, because it did not appear on the face of the certificate that the clerk was absent from his office at the time, so as to authorize the deputy to act for him. The court, therefore, refused to try the cause, and struck it from the calendar.

We think the circuit court was in error in holding that it must appear affirmatively, from the certificate itself, that the clerk was absent from his office so as to give the deputy power to make the certificate. The presumption of law certainly is that the clerk was absent, and that the circumstances were such as to give the deputy the right to act for the clerk. That rule of law was expressly affirmed in *Sexton v. Rhames*, 13 Wis., 99, and *Huey v. Van Wie*, 23 Wis., 613; and the decisions rest upon sound principle. In the absence of all proof upon the point, the court surely will not presume that officers have violated the law in the performance of their official duties. The statute gives the clerk power (section 98, ch. 13,

Tay. Stats.), with the approval of the circuit judge, to appoint a deputy, who may perform all his duties in his absence; and it must be presumed that the facts existed which gave the deputy the right to make the certificate in the present case. There is nothing in *State ex rel. Hopkins v. Olin*, 23 Wis., 318, in conflict with these views.

But it is insisted on the part of the defendant, that the order is not appealable, because its only effect was to continue the cause for the term. But this is a misapprehension of the effect of the order. The venue had been properly changed, and striking the cause from the calendar for the reason that the certificate transmitting the papers was void, not only prevented a trial in Ozaukee county, but everywhere else. That such an order affects a substantial right, and is appealable, was expressly decided in *McLeod v. Bertschy*, 30 Wis., 324, and *Lee v. Buckheit*, *ante*, p. 54.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.