# GREENFIELD SCHOOL DISTRICT et al. v. HANNAFORD SPECIAL SCHOOL DISTRICT et al.

### (127 N. W. 499.)

**Schools and School Districts — Annexation of Adjacent Territory — Collateral Attack — Acquiescence — Presumption as to Official Duty.**

1. The board of education of Hannaford special school district, having, under § 949, Rev. Codes 1905, annexed adjacent territory to said special school district for school purposes, upon application in writing signed by fourteen voters of such adjacent territory, *held,* under the facts in this case, that the question as to whether said application was signed by a majority of the voters of such adjacent territory is not open to attack at this time. *Held,* further, the board of education having made the order for annexation of such adjacent territory, it is presumed that the board did everything which the statute in question required it to do before it made that order. The presumption is that public officials do as the law and their duty require them.

---

Note.—As to effect of changing boundaries of school districts upon rights in real property, see note in 26 L.R.A.(N.S.) 486.

The liability of territory annexed to a school district to pay its proportionate share of existing debts is treated in a note in 27 L.R.A.(N.S.) 1147.

**Schools and School Districts — Estoppel — Validity Acquiesced in.**

 2. Under the facts stated in the opinion, *held*, that the plaintiffs are estopped from questioning the validity of the proceedings of the board of education in annexing adjacent territory to Hannaford special school district.

Opinion filed June 20, 1910.

Appeal from District Court, Griggs county; *Hon. E. T. Burke*, J.

Action by Greenfield School District et al against Hannaford Special School District et al. From a judgment in favor of the plaintiffs, defendants appeal.

Reversed.

*Engerud, Holt, & Frame*, for appellants.

The fact that the board made the order of annexation presumes full compliance with law prior thereto. Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Nofire v. United States, 164 U. S. 657, 41 L. ed. 588, 17 Sup. Ct. Rep. 212; Delaney v. Schuette, 49 Wis. 366, 5 N. W. 796; Barber Asphalt Paving Co. v. Denver, 19 C. C. A. 139, 36 U. S. App. 499, 72 Fed. 341; State ex rel. Little v. Langlie, 5 N. D. 600, 32 L.R.A. 723, 67 N. W. 958.

The annexation was validated by general acquiescence, and all are estopped to question it. People v. Maynard, 15 Mich. 463; Jameson v. People, 16 Ill. 257, 63 Am. Dec. 304; State ex rel. Madderson v. Nohle, 16 N. D. 168, 125 Am. St. Rep. 628, 112 N. W. 141; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; State ex rel. West v. Des Moines, 96 Iowa, 521, 36 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818; State v. Leatherman, 38 Ark. 81; People ex rel. Atty. Gen. v. Alturas County, 6 Idaho, 418, 44 L.R.A. 122, 55 Pac. 1067; Rumsey v. People, 19 N. Y. 41; Speer v. Kearney County, 32 C. C. A. 101, 60 U. S. App. 38, 88 Fed. 762; School Dist. No. 25 v. State, 29 Kan. 62; Annexation cannot be attacked collaterally. State ex rel. Little v. Langlie, 5 N. D. 600, 32 L.R.A. 723, 67 N. W. 958; State ex rel Laird v. Gang, 10 N. D. 331, 87 N. W. 5; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 312; State ex rel. Buck v. Ravalli County, 21 Mont. 469, 54 Pac. 939; State ex rel. Central R. Co. v. Lime, 23 Minn. 521; Currie v. Paulson, 43 Minn. 411, 45 N. W. 855.

*Lee Combs*, for respondents.

Delay in taking steps to set aside the illegal acts of the board does

not estop the movers to attack the unlawful annexation. Redfield School Dist. No. 12 v. Redfield Independent School Dist. No. 20, 14 S. D. 229, 85 N. W. 180.

The attack is not collateral. Dartmouth Sav. Bank v. School Dists. Nos. 6 & 31, 6 Dak. 332, 43 N. W. 822.

CARMODY, J. The village of Hannaford was, in the spring of 1907, organized as a special school district. In May, 1907, a petition was presented to the Hannaford board of education, praying that certain territory adjacent to Hannaford be annexed to the Hannaford special school district. The Hannaford school board accepted the petition, and adopted a resolution attaching the territory in question to their district, under the provisions of § 949, Revised Codes 1905. Ever since that time the territory so annexed has been, by the county officials, dealt with as part of Hannaford special school district. It was entered on the tax records as part of Hannaford special school district. Hannaford special school district levied taxes for the years 1907, 1908, and 1909, which were apportioned to and collected from the tax payers in the annexed territory, as part of Hannaford school district. Elections were held in Hannaford school district, in which voters in the annexed territory participated. School children in the annexed territory attended the Hannaford school. A school house was built by the Hannaford school district at a cost of more than $9,000, for which bonds were issued. This sum of $9,000 was beyond the debt limit of the original Hannaford school district, but within the debt limit of the district as enlarged by the annexation. Greenfield school district ceased taxing or asserting jurisdiction over the annexed territory after the annexation proceedings.

A division of funds and property was made by arbitration between Greenfield school district and Hannaford, after the annexation. No objection or protest against the validity of the annexation proceedings, or the right of Hannaford special school district to exercise jurisdiction over the annexed territory as part of its district, was ever made until this action was commenced in April, 1909, except that the witness Fogderud, who was one of the arbitrators to divide the property between Greenfield school district and Hannaford, testified that he signed the report which the arbitrators made, under protest, and told

them it would be tried in court before he would allow any money on it. Meanwhile, Hannaford special school district had proceeded on the assumption that the annexed territory was part of its district, and levied taxes and incurred and paid obligations which were unwarranted, unless the district included the annexed territory. After waiting for nearly two years, plaintiffs brought this action, and assert that the petition for annexation was not signed by a majority of the voters in the annexed territory, and that the board of education of the special school district of Hannaford did not find as a matter of fact that it was for the best interest of the school of such corporation, and of the territory to be attached, that the same should be so annexed to the special school district of Hannaford, and having found as it did, that it would be for the best interest of the special school district of Hannaford only, then had and now has no legal foundation for the pretended order of annexation of the territory in controversy.

Judgment was entered in favor of the plaintiffs, canceling and annulling the petition and order hereinbefore mentioned, restoring said tract of land to the respective school districts to which they formerly belonged, and reinstating the authority of the school boards of such districts over said territory, so sought and attempted to be annexed to said defendant school district, and perpetually restraining and enjoining the defendants, and each and all of them, from exercising or attempting to exercise authority or control over said territory and the people in it, for school purposes, and perpetually restraining and enjoining said defendants, and each and all of them, and their successors, in said territory for school purposes of said Hannaford special school from taxing or attempting to tax the property of any kind or character district.

It will be seen that two points only are presented: First, was the corporation organized in accordance with law, so as to acquire thereby a valid existence; and, second, if not, has the acquiescence of the plaintiffs and other interested parties for so long a period estopped them from questioning the validity of the annexation to Hannaford special school district of the adjacent territory, as herein mentioned. Rev. Codes 1905, § 949, provides in terms that when any city, town, or village has been organized for school purposes and provided with a board of education under any general law, or a special act, or under the pro-

visions of this article, territory outside the limits thereof but adjacent thereto may be attached to such city, town, or village for school purposes by the board of education thereof, upon application in writing signed by a majority of the voters of such adjacent territory.

The petition in question had upon it fourteen names. There is no dispute but what they were all legal voters of the territory annexed to Hannaford special school district. Said § 949 further provides: Upon such application being made, if such board shall deem it proper and to the best interests of the school of such corporation and of the territory to be attached, an order shall be issued by such board, attaching such adjacent territory to such corporation for school purposes, and the same shall be entered upon the records of the board. Such territory shall, from the date of such order, be and compose a part of such corporation for school purposes only.

The records of the proceedings of the board do not disclose the fact that there was any finding made in terms by the board that the petition was signed by a majority of the legal voters of said adjacent territory, but it is obvious that the board must be held to have reached such a conclusion, from the mere fact that they made the order annexing to Hannaford special school district the territory in question. While a sufficient petition is undoubtedly necessary, what body is to settle this matter? Surely the board of education. They have facilities for ascertaining whether the petition has the requisite number of signatures. We do not think, under the facts in this case, that this question is open to attack at this time. As the statute does not expressly require applicants to state in the petition that they constitute a majority of the electors, such important jurisdictional matter, as well as the qualification of each signer, was of necessity determined by ulterior inquiry, the nature and extent of which would not be likely to appear in the order. State ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 67 N. W. 958; Lawrence County v. Hall, 70 Ind. 469; Currie v. Paulson, 43 Minn. 411, 45 N. W. 854; Ellis v. Karl, 7 Neb. 381; Bennett v. Hetherington, 41 Iowa, 142; Baker v. Louisa County, 40 Iowa, 226; Redfield School Dist. No. 12 v. Redfield Independent School Dist. No. 20, 14 S. D. 229, 85 N. W. 180; State ex rel. Laird v. Gang, 10 N. D. 331, 87 N. W. 5.

The records of the proceedings of the board do not disclose that there

was any finding by the board of education that the annexation of such adjacent territory was for the best interest of the territory to be annexed. It is true that the statute made it the duty of the school board to determine that it was for the best interests of the school of the defendant corporation, and of the territory to be attached, before such annexation could be made, and if they so found, to make an order of annexation, which should be entered on the records of the board. The board made the order for annexation, and it is presumed that the board did everything which the statute in question required it to do, before it made that order. The presumption is that public officials do as the law and their duty require them. Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Nofire v. United States, 164 U. S. 657, 41 L. ed. 588, 17 Sup. Ct. Rep. 212; Delaney v. Schuette, 49 Wis. 366, 5 N. W. 796; Barber Asphalt Paving Co. v. Denver, 19 C. C. A. 139, 36 U. S. App. 499, 72 Fed. 336; States ex rel. Little v. Langlie, 5 N. D. 594, 32 L.R.A. 723, 67 N. W. 958.

Immediately on annexation, the board of Hannaford and Greenfield school districts had a joint meeting, at which all the members of both boards were present. The meeting was held for the purpose of effecting a division of the property and obligations of the territory divided. At this meeting no protest was filed against the division, and no disagreement developed on any point, except in the matter of uncollected taxes. To settle this difference, a board of arbitrators was appointed, consisting of one member from each school district, and the county superintendent of schools. This board submitted a report in writing, which was signed by all the arbitrators. Some dissatisfaction was expressed by Mr. Fogderud, one of the arbitrators, who testified that he told them it would be tried in court before he would allow any money on the arbitration agreement. He, however, signed the agreement. The school board of Greenfield school district levied no taxes on the annexed territory for the year 1907, 1908, or 1909, but did levy taxes on the balance of the property is Greenfield school district. During the same years, the defendant school district levied taxes on all its property, including the annexed land, and certified them to the county auditor, who extended them against the annexed land, and this fact was known to plaintiffs. An election was held on December 3d, 1903, for the purpose of voting bonds for the erection of a new school house. The

election was a matter of common knowledge, and was participated in by the voters who resided in the annexed territory. Bonds were voted and issued in the sum of $9,000 to run for twenty years, and were sold to the state of North Dakota, and an annual tax for a period of twenty years was levied on the property of the new district to pay the interest on the bonds, and to create a sinking fund, and this levy was certified to the county auditor, and has since been acted on by him.

The defendant school district in the fall of 1907 erected a new school house, which has since been used by the school district including the annexed territory. The erection of this building was a matter of common knowledge to the parties concerned in this lawsuit. The defendant school district has also during this period entered into contracts, issued warrants, employed teachers and other help, and has, during all of the time since the territory in controversy was annexed, performed all the duties, engaged in all the activities usual to corporations of that character, and during all of the time has treated the annexed territory as part of its school district. For two years taxes have been levied, collected, and expended under the new conditions. Plaintiffs do not attempt to excuse the delay of two years in bringing this action. In applying the doctrine of laches or the rule of estoppel by acquiescence, no fixed time will be taken as controlling, but the facts in each particular case must govern the court's decision, and where, as in this case, although but two years have elapsed since the territory in question was annexed to Hannaford special school district, grave consequences may follow if the plaintiffs are successful in this action. Hence, we think the plaintiffs are estopped from maintaining this action. 28 Cyc. Law & Proc. p. 214 and cases cited; People v. Maynard, 15 Mich. 463; Jameson v. People, 16 Ill. 257, 63 Am. Dec. 304; Speer v. Kearney County, 32 C. C. A. 101, 60 U. S. App. 38, 88 Fed. 762; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 388; State ex rel. Madderson v. Nohle, 16 N. D. 168, 125 Am. St. Rep. 628, 112 N. W. 141; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818; State v. Leatherman, 38 Ark. 81; People ex rel. Atty. Gen. v. Alturas County, 6 Idaho, 418, 44 L.R.A. 122, 55 Pac. 1067; School Dist. No. 25 v. State, 29 Kan. 62; Yankton County v. Klemisch, 11 S. D. 170, 76 N. W. 312; State ex rel. Minot v. Willis, 18 N. D. 76, 118 N. W. 820.

In 28 Cyc. supra, the following rule is laid down in the text: "Tax-payers or inhabitants may be estopped to question the validity of annexation or detachment of territory to or from a municipal corporation, as by acquiescence in the annexation or delay in attacking the same, or by failure to exercise the rights of contravention and appeal given them by statute."

In Speer v. Kearney County, the court says: "The principle is that acts of ordinary municipal bodies into which the people have organized themselves under color of law, depend far more upon general acquiescence than upon the legality of their action or the existence of every condition precedent prescribed by the statutes under which they organize and act. It is that general acquiescence by the inhabitants of the political subdivision so organized, and by the departments and officers of the state having official relations with it, gives to the acts and contracts of a municipal or quasi municipal corporation *de facto* all the force and validity of the acts of a corporation *de jure*. The interests of the public which depend upon such municipalities, the rights and the relations of private citizens which become vested and fixed in reliance upon their existence, the intolerable injustice and confusion which must result from an *ex post facto* avoidance of their acts, commend the justice, and demand the enforcement, of the rule that 'when a municipal body has assumed under color of authority, and exercised for any considerable period of time, with consent of the state, the powers of a public corporation, of a kind recognized by the organic law, neither the corporation nor any private party can in private litigation question the legality of its existence.'"

The view we have taken of the action of respondent in attaching the adjacent territory and the conclusion we reach concerning all that has subsequently occurred, dispose of every point in the case.

The judgment appealed from is reversed, and the District Court is directed to enter judgment dismissing the action.

All concur, except CHIEF JUSTICE MORGAN, not participating.