ALBERT ROSTEN, Martin Borstad, and Adam Piper, Appellants, v. BOARD OF EDUCATION of Village of Wild Rose and O. B. Lia, Clerk of the School Board, Respondents.

(173 N. W. 461.)

Schools and school districts — annexation of territory for school purposes — petition — notice — withdrawal of names from petition — section 1240, Compiled Laws 1913, construed.

1. The special school district of Wild Rose sought to annex certain territory for school purposes. A petition signed by a majority of the voters of the territory to be annexed was presented and filed with the board of education of such special school district. The board of education gave notice of the time and place of hearing of such petition; between the time of filing the petition and the date of hearing, sufficient number of signers of the petition had in writing withdrawn their names from the petition and filed such withdrawals with the clerk of the school district prior to the time of the hearing, so that the number of names remaining on the petition in favor of the same, if the withdrawal of names was legal, would leave the petition with less than a majority of the signatures of the qualified voters of the territory sought to be annexed; *held* that such petitioners had the right to withdraw their names from the petition at any time before the board of education legally made an order annexing the territory; *held*, construing under § 1240 of the Compiled Laws of 1913, that the petitioners had a legal right to withdraw their names from the petition at any time prior to the time of the making of a legal order by the board of education annexing such territory.

Schools and school districts — annexation of territory — notice to voters — section 1240, Compiled Laws 1913, construed.

2. Section 1240 of the Compiled Laws of 1913 is an amendment of § 949 of the Revised Codes of 1905. Under § 949, the board of education could make

the annexation after a proper petition was filed without giving any notice to the petitioners or voters in the territory to be annexed. Section 1240 requires the giving of fourteen days' notice of hearing before the board of education can make an order annexing the territory, and then the order cannot be made until five days after day of hearing on the petition.

Opinion filed May 19, 1919. Rehearing denied June 13, 1919.

Appeal from the District Court of Williams County, North Dakota, Honorable *Frank E. Fisk,* Judge.

Reversed.

*Greene & Stenerson* and *H. B. Wingerd,* for appellants.

Either one of these plaintiffs could maintain the action alone, he having the qualifications of voter and being a freeholder and taxpayer residing within the territory sought to be annexed. Comp. Laws 1913, §§ 7403, 7406.

"Each petitioner acts on his individual responsibility, and if he should change his mind on the question whether a new township would better serve the convenience of the inhabitants therein residing, or if he should be induced to sign it under a misapprehension, or through undue influence, he ought to have the right to correct his mistake." Littell v. Vermillion County, 198 Ill. 205, 65 N. E. 78; State ex rel. Morgan v. Co. Commissioners (Neb.) 4 N. W. 373; Slingerland v. Norton (Minn.) 61 N. W. 323; Dunham v. Fox, 100 Iowa, 131, 69 N. W. 436; La Londe v. Board (Wis.) 49 N. W. 960; Slingerhead v. Norton (Minn.) 73 N. W. 631; Black v. Campbell, 112 Ind. 122, 13 N. E. 409; State v. Boyden, 15 Ann. Cas. 1122, and extended note, 21 S. D. 6.

*Fisk & Murphy,* for respondents.

A private individual or single taxpayer may sue as an individual, in cases of this sort, only when he suffers some special damage distinct from that of the balance of the community. 30 Cyc. 113, 114; Wood v. Bangs, 1 Dak. 179, 46 N. W. 586.

So far as affecting the jurisdiction which had already attached was concerned, the protests and remonstrances were of no effect. They were proper to be taken into consideration by the board in passing upon the merits of the petition, but they were not available for any other purpose. It must be remembered that jurisdiction does not attach as of

the day when the board *acted,* but as of the day when the legal petition was filed. Sim v. Roscholt, 11 L.R.A.(N.S.) 372; Territory v. Veal, 35 L.R.A.(N.S.) 1113; State v. Boyden (S. D.) 15 Ann. Cas. 1122.

GRACE, J. Appeal from the district court of Williams county, Frank E. Fisk, Judge.

This is an injunctional action to restrain the defendant school board from exercising jurisdiction or authority over certain territory which the defendant sought to annex to the Wild Rose special school district, and from levying taxes, issuing bonds, or doing any other act in furtherance of such alleged annexation, and to finally determine whether or not the order of annexation was valid.

The material facts in the case are as follows:

On March 22, 1917, a petition was filed with the board asking that certain descriptions of land mentioned in the petition and located in Divide county, but adjacent to the Wild Rose special school district, be annexed to this special school district. The petition contains the names of twelve men and three women. Some of the petitioners were not qualified to sign the petition. At the trial the names of those not so qualified were stricken from the petition. After striking off such names, the number of names of qualified petitioners remaining on the petition constituted a majority of the voters of the adjacent territory sought to be annexed, unless prior to the time of making the order annexing such territory they had legally withdrawn their names therefrom in sufficient number as to leave the board without power or authority to make such order.

On the 23d day of March, the board met for the purpose of considering the petition, and at that time made an order to the effect that it was for the best interest of the school and of those in the territory to be attached that the petition be granted, and entered an order that from that date such territory was annexed to the special school district for school purposes. The board, however, took this action without giving the fourteen days' notice as required by § 1240 of the Compiled Laws of 1913.

On April 24th, the board by resolution rescinded the order of annexation of March 23d, and after such resolution had passed and on the same day they passed another resolution requiring the clerk of the

school board to give the required notice above referred to, and appointed a meeting for May 14th to consider the petition for annexation.

On the last-mentioned date a meeting was held at which many people were present, and practically all of the signers of the original petition for annexation withdrew their names from the petition. Most of the withdrawals, however, had been filed with the clerk on May 2d. Notwithstanding such withdrawals and the presenting of remonstrances against the granting of such petition, the board, subsequent to the 14th day of May, made an order annexing the territory in question to the special school district.

The question presented in this case is: After the acceptance and determination of the sufficiency of the petition as it existed on the 23d day of March, 1917, may the petitioners or any of them legally withdraw their names from the petition prior to and including the day fixed for consideration of the petition? Did the board of education lose jurisdiction, or more properly power or authority, to make an order annexing the territory where those who had previously signed the petition, thereafter and before the expiration of the fourteen-day notice, withdrew their names from the petition in such number as to leave thereon less than a majority of the legal voters in the territory sought to be annexed?

The law which determines this matter is that relative to special school districts at the time the controversy arose. We think the counsel for both parties have overlooked the law which is really applicable to the case. Section 1240 of the Compiled Laws of 1913 is an amendment of § 949 of the Revised Codes of 1905, the amendment having been made by § 133, chap. 266, of the 1911 Session Laws.

Section 949 in part reads as follows: "When any city, town or village has been organized for school purposes and provided with a board of education under any general law or a special act, or under the provisions of this article, territory, outside the limits thereof but adjacent thereto, may be attached to such city, town or village for school purposes by the board of education thereof, upon application in writing signed by a majority of the voters of such adjacent territory."

The remainder of § 949 of the Revised Codes is substantially retained in § 1240 of the Compiled Laws of 1913, with the exception that there is no provision in § 949 for any notice of any kind or char-

43 N. D.—4.

acter to be given prior to the time the order of annexation is made by the board of education.

In § 1240, Compiled Laws of 1913, which is part of chap. 266 of 1911 Session Laws, there is provision made for the giving of notice of the time when a hearing shall be had before the board with reference to the annexation of the territory sought to be annexed. It is in this respect that § 1240 of the Compiled Laws of 1913 amends § 945 of the Revised Code of 1905. The provision in § 1240 with reference to such notice is as follows: "Provided, further, that in all cases fourteen days' notice of a hearing before the board shall be given, by publication in the nearest newspaper and posted notices in conspicuous places, three in the special district, three in the territory sought to be annexed, and three in the district remaining from which the territory shall be taken. And such territory shall not become a part of the special district until five days after such hearing, upon order of the board as hereinbefore provided."

At the time of the decision of the case of Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499, § 949 was in full force and effect, and was in that case construed, and it contained no provision for notice to be given of any hearing on the petition for annexation. At that time, when a petition for annexation of territory to a special school district was presented to the board of education, or when any city, town, or village has been organized for school purposes and provided with the board of education, and sought to annex adjacent territory, the board of education could act upon the petition as soon as presented and immediately make or refuse to make the order of annexation. It was not then required by law to give notice of a hearing upon the petition at which objections might be heard against the granting of the petition or the annexation of the territory sought to be annexed. It is entirely different under § 1240; there fourteen days' notice of a hearing must be given in the time and manner above stated in the provision relative thereto. It will be noticed that the law has by great particularity provided in what manner such notice shall be given. It is further to be noted that the territory cannot be annexed until the expiration of five days after the hearing. What, then, is the purpose of the hearing?

Respondent contends that as soon as the petition is filed, the school

board has jurisdiction of the matter, and that on the 23d day of March, 1913, it had passed upon and determined the sufficiency of the petition. This contention of the respondent amounts to this,—that after the petition is received and filed and its sufficiency passed upon by the board of education, that thereafter it would make no difference what remonstrance or objections were made by any of the petitioners or withdrawal of names therefrom, it could in no way affect the right of the board or its jurisdiction to make an order annexing the territory, and in effect respondents contend that the board of education could make its order annexing the territory at any time after the filing of the petition.

All of this reasoning would be fairly sound under § 949 of the Revised Codes. We do not believe, however, it is sound since § 949 has been amended in the respect we have heretofore stated. We are of the opinion that § 949 was amended in the manner we have stated to prevent the recurrence of similar abuses and hardships as had prevailed and arisen thereunder, and to afford the voters in the territory sought to be annexed an opportunity to take proper steps to prevent the annexation.

Unless this is true, there would be no merit in the amendment. The fourteen-day period was for the purpose of affording time in which to make objection of such nature and character to the granting of the petition as would go to the sufficiency of the petition. As we view the matter, upon the day when the order is made annexing the territory, the petition, from and after the expiration of fourteen days' notice, would have to be sufficient in order to support the order, that is, there would have to be upon it at the time of making the order the signature of a majority of the voters in the territory to be annexed who had not at that time in some manner withdrawn their names therefrom.

It seems to us it was the intention of the legislature in amending § 949, to provide a means whereby those who signed a petition to annex territory to a special school district might reconsider their act in signing the petition and withdraw their names therefrom at any time within the fourteen-day period; that it was further the intention of the legislature that there should be a sufficient petition at the time of the making of the order annexing the territory; that if there was not a sufficient petition at such time, then the board of education would not have authority to make the order annexing the territory. Unless this

be true, the amendment would be of little effect; for if the board of education has the power at any time after a petition is filed with it, to make the order annexing territory without regard to any remonstrance against the making of the order, and regardless of the fact that sufficient names have been withdrawn from the petition by proper notice filed with the clerk so that the number of names legally remaining on the petition is less than a majority of all the legal voters in the territory affected, then certainly the amendment is of little or no force and effect.

The amendment, we are certain, was for the purpose of correcting abuses which had arisen under § 949. Section 1240 of the Compiled Laws of 1913 is a law which applies directly to this case. The respondents claim that the principle of law stated in Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50, is applicable to the case at bar. With this we do not agree. In that case it was held that jurisdiction of the board of drain commissioners to order a drain is acquired by the filing with the board a petition as required under § 1821, Revised Codes of 1905, Comp. Laws 1913, § 2464; that after such jurisdiction is thus acquired and the board has taken action thereunder, it cannot be devested of such jurisdiction by the action of the petitioners withdrawing their names from the petition. An examination of § 1821 of the Revised Codes of 1905 discloses that the power of the drain commissioners under a petition for a drain filed with them is very similar to those of the board of education with which a petition for annexing territory was filed, under § 949 of the Revised Codes of 1905. Under § 1821, all persons whose lands were affected by the drain might appear before the board of drain commissioners and express their opinion upon the matters pertaining thereto. There is no provision, however, in that section prohibiting the drain commissioners from making the order establishing the drain until after a hearing is had thereon; nor were those affected by the drain entitled to be heard before the making of the order establishing the drain. The law with reference to drains provides in § 1825, Comp. Laws 1913, § 2468, that an assessment made is subject to review and that ten days' notice shall be given of the time and place when and where such assessment will be reviewed by the board of drain commissioners.

It is not difficult to discern the similarity between the powers of the

drain commissioners under the law to which we have referred under § 1821, etc., of the Revised Codes of 1905, and those of the board of education under § 949. If § 949 had not been amended, the reasoning of the Sim v. Rosholt case would have considerable force.

Under § 1821 of the Drain Law, the drain commissioners not only could perform the ministerial act of receiving and filing a petition for the drain, but immediately upon the filing thereof could quasi judicially determine its sufficiency, and the same reasoning applies to § 949. It might be well at this point to distinguish powers which are ministerial and those which are quasi judicial in their nature, as possessed by boards such as drain commissioners, boards of education, etc. A more appropriate case than this rarely arises, for the purpose of distinguishing between such ministerial acts and the exercise of such quasi judicial functions. The act of the board of education in this case in filing a petition for the annexation of the territory in question, and their further act in giving fourteen days' notice of the time and place such petition would be heard, were purely ministerial acts and which are to be performed in the manner directed by the statute relative thereto. In fact, their every act to be performed in the annexation of the territory, from the inception of the petition to the point where the order of annexation is made, is in effect by statute a ministerial act,—the board of education does not act quasi judicially until it proceeds to make the order annexing the territory; that act is of a quasi judicial nature. The right, authority, and power to make such order of annexation does not accrue until after the expiration of the fourteen days' notice of the time and place of hearing such petition.

If, after the expiration of the fourteen days' notice, the petition is legally sufficient at the time the order is made, the board has power and authority to make the same. If, however, the petitioners have the right to withdraw their names from the petition at any time prior to and upon the day of hearing, and in the light of § 1240 we hold they have, and a sufficient number does withdraw their names from the petition within the time stated, so that the remaining names on the petition which desire the annexation of the territory are less than a majority of all the voters in the territory to be annexed, then such board has no right, authority, or power to make such order.

Under § 949 of the Revised Codes of 1905, it is scarcely to be doubt-

ed that the powers therein conferred upon boards of education were used or exercised in an arbitrary manner. It is common knowledge that it is never very difficult to get a petition such as the one in this case signed. Petitions of any character for a lawful purpose are generally very readily signed, and it was thus with petitions circulated under the authority of § 949. Many of the signers of a petition under § 949, it may be assumed, did not realize that by so signing they had placed themselves where they could make no further objection so far as the board of education was concerned, and it may be assumed that many of them did not realize they were conferring an absolute authority upon the board to at once make an order immediately annexing such territory, and we must assume that it was from the hardships, dissatisfaction, and complaint which arose as a result of proceeding had under § 949, that caused that section to be amended as set forth in § 1240 of Compiled Laws of 1913.

This conclusion seems almost irresistible, and we believe it is correct. We hold, therefore, for the foregoing reasons, that the board of education of Wild Rose had no power or authority to annex the territory in question at the time it made its order annexing the same. We hold that those who withdrew their names from the petition had a right to do so at any time prior to and including the day of hearing of the petition; that after the withdrawal of such names, the petition is insufficient under § 1240, it containing less than a majority of the voters in the territory sought to be annexed, and the board of education for that reason was without power or authority to make the order of annexation.

The judgment appealed from is reversed and the board of education of Wild Rose, the defendants in this action, are permanently enjoined from exercising or assuming to exercise any authority or jurisdiction over the territory in question which is sought to be annexed to the special school district of Wild Rose. The appellants are entitled to statutory costs on appeal.

CHRISTIANSON, Ch. J. (concurring specially). There are many decisions dealing with the right of one who has signed a petition initiating a proceeding for a public purpose to withdraw his name from such petition. None of the cases deny the right of a petitioner to withdraw

his name while the petition is still in circulation and before it has been filed or presented to the person or body to whom it is addressed. Nor do any of the cases recognize the right to withdraw from the petition after it has been finally acted upon and the prayer thereof granted. Note in 11 L.R.A.(N.S.) 372. In a number of jurisdictions it is the rule that one who has signed a petition may withdraw his name therefrom at any time before final action has been taken by the board or officer empowered to determine the matter which the petition asks to have determined. Note in 15 Ann. Cas. 1125. In other jurisdictions the right to withdraw from a petition is more limited, and is deemed terminated where the officer or board to whom it is presented recognizes the validity of the petition and takes some action thereon looking toward the final disposition of the proceeding initiated by the petition. Notes 11 L.R.A.(N.S.) 376 and 15 Ann. Cas. 1126. The latter rule was recognized by this court in Sim v. Rosholt, 16 N. D. 77, 11 L.R.A. (N.S.) 372, 112 N. W. 50, as applicable to a petition for a drain. I have had some difficulty in distinguishing the instant case from the rule announced in the Rosholt Case. But in view of the differences between the statutes, the nature of the two proceedings, and the character of the action taken by the board of drain commissioners in the Rosholt Case and the action taken by the board of education in the case at bar, I am not prepared to say that such action had been taken by the board of education upon the petition involved in this case as to prevent one who had signed the petition to withdraw his name therefrom.

BIRDZELL, J. (concurring specially). I concur in the conclusion reached in the opinion of the court as prepared by Mr. Justice Grace; but it is not clear to me that the distinction drawn in that opinion between § 949 of the Revised Code of 1905 and § 1240, Compiled Laws of 1913, the latter being an amendment of the former, providing for notice and a hearing, is sufficient to control the decision of the question involved. The question presented for decision is, as stated, the right of the petitioners to withdraw their names before the board of education has acted on the petition and attached the territory. In the case of Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499, this question was not involved. But the remarks in that case concerning the function of determining the sufficiency of

the petition are, admittedly, somewhat pertinent. As I read § 949 of the Revised Code of 1905, the board of education was authorized, upon proper application being made, to make an order of annexation, and, as pointed out in the opinion by Mr. Justice Grace, no notice and no hearing was necessary. It would appear to me, therefore, that the board of education was required to take no step in recognition of the petition or toward achieving the end desired by petitioners until it should make the order. This being true, it would seem that, before anything is done under the petition, the petitioners should be free to withdraw their names. Under § 1240, Compiled Laws of 1913, however, the board must first determine the existence of a valid petition in order that it may give the statutory notice of a hearing thereon. Thus, there must be at least a preliminary determination of the sufficiency of the petition. So, under the amended statute, it seems to me that there is less, instead of greater, reason for allowing petitioners to withdraw before final action is taken than under the former statute.

But I am satisfied that under either statute a petitioner may withdraw before final action is taken; for in both the legislature has given to boards of education the power to annex adjacent territory only "upon application in writing signed by a majority of the voters of such adjacent territory." And if at any time before the order of annexation has been made, the application is altered by being converted into a protest, applicants by withdrawing their signatures would, in effect, withdraw their application. If the contention of the respondents is correct, it would make possible the annexation of territory upon the protest of the majority of the voters instead of upon their application, and thus the statute would not only be defeated, but reversed. One can hardly be said to be applying for certain action when he is in fact protesting against it.

There are no preliminary steps involving material items of expense in attaching adjacent territory to a school district as is the case with the organization of drainage districts. When a drainage petition is filed, jurisdiction is immediately conferred to do preliminary work of importance and involving expense; hence there is a clear ground for distinction between this case and the case of Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50.

For the foregoing reasons I concur.