STATE OF NORTH DAKOTA ex rel.. W. B. KNOX, L. L. TAYLOR, HERMAN KELLER, and WILLIAM TSCHUDI, on Behalf of Themselves and Others Similarly Situated, Appellants, v. FAITH STEVENS, as County Superintendent of Schools of Dickey County, State of North Dakota, Respondent.

(183 N. W. 109.)

**Schools and school districts — division of common-school district—withdrawing names from petition—county commissioners had no authority for dividing school district.**

1. Where certain school electors undertook to divide a certain common-school district, by attempting to organize a part of it into a new district, and, in pursuance of that object, circulated and had signed a petition by fifty-five electors in the territory proposed to be organized into the new school district, which number was two thirds of the whole number of school electors residing in that territory, which were seventy-eight; and where eleven of such petitioners withdrew from such petition by signing a remonstrance against the creation of a new district, prior to or on the date of hearing on the petition.

It is *held* the county commissioners had no authority to make the order dividing the school district and creating the new district, for the

NOTE.—For authorities discussing the question of right to withdraw names from petition or remonstrance, see note in 11 L.R.A. (N. S.) 372.

reason that, at the time of the making of the order, the petition was not signed by two thirds of the resident electors in the proposed new district.

**Schools and school districts — § 1148, Compiled Laws 1913, construed.**

2. During the time of the giving the notice specified in § 1148, Comp. Laws 1913, and until the hearing on the petition, any school elector who signed the petition for the proposed new school district, or a petition such as it contemplated by said section, may withdraw his name from the petition.

Opinion filed May 14, 1921.

Appeal from an order and judgment of the District Court, in the Third Judicial District, dismissing the alternative writ and denying a peremptory writ of mandamus. *McKenna, J.*

Order and judgment affirmed.

*F. J. Graham, Jas. M. Austin,* and *Brickner & Knox,* attorneys for appellants.

The petitioners of the original petition should not be permitted to withdraw their names except upon a showing that, at the time they signed their names, they did so under misunderstanding of facts produced by misrepresentation. School Dist. v. School Dist. 63 Ark. 543, 39 S. W. 850; Re. Independent School Dist. 2 Chest Co. Rep. (Pa.) 132. A motion for withdrawal is insufficient when it merely states that the petition was signed "under mistake and misapprehension," and does not state any facts to show that such was the case. Sutherland v. McKinney, 146 Ind. 611, 25 N. E. 1048.

The county commissioners and county superintendent acting jointly is a quasi court, and the filing of a proper petition, is jurisdictional, and gives the joint board jurisdiction to hear the petition on its merits. McDonald v. Hanson (N. D.) 164 N. W. 8.

The right of withdrawal ends after the officer, board, or body to whom the petition is addressed, has taken jurisdiction. 28 Cyc. 163; Sedalia ex rel. Gilsonite Constr. Co. v. Montgomery, 227 Mo. 1, 127 S. W. 50.

*W. S. Lauder,* for respondent.

By signing and filing a protest, a petitioner thereby in effect with-

draws his name from the petition. LaLonde v. Barron County, 80 Wis. 380; Littell v. Vermillion County, 198 Ill. 205; Hays v. Jones, 27 Ohio St. 231.

GRACE, J. The plantiffs presented to Frank P. Allen, district judge of the third judicial district, a petition for an alternative writ of mandamus, based on certain affidavits, which was later heard before George M. McKenna, judge of the district court of the same judicial district of Dickey county.

A statement of the material facts will aid in understanding the issues here presented.

Keystone School District No. 7 is located in Dickey county, and in extent comprises a congressional township. Under the authority of § 1147, Comp. Laws, as amended by chapter 135, Session Laws of 1915, and as amended by chapter 197 of the Session Laws of 1919, and on the 10th day of July, 1920, a petition signed by fifty-five resident electors of the school district was filed with the board of county commissioners of Dickey county, asking for a division of the school district.

Faith Stevens is the duly qualified and acting superintendent of schools of Dickey county, and, as such, acted with the board of county commissioners in determining the desirability and necessity of the organization of the new district, and certain steps were taken looking toward the organization of the new school district.

The petition was set to be heard before the county commissioners on the 20th day of August, 1920, this being the adjourned date of the regular July meeting. The county superintendent published notice of hearing of the petition for six consecutive weeks in the Farmers' Sentinel, a weekly newspaper published at Ellendale, Dickey county. The notice was served personally on A. A. Suszycki, Charles Newton, and Florence Golden, all members of the school board of Keystone School District.

There were 172 legal school electors in the school district, and 78 of these resided in the proposed new school district. On the date of the hearing of the petiton, August 20th, there was filed with the commissioners a protest or remonstrance against the organization of the new district, signed by 133 school electors, resident in the district. An affidavit of the clerk of the school district was also filed with the commissioners. Eleven of those who signed the remonstrance had signed the original petition for the organization of the new district, and each of them was a resident, tax-

payer, and elector within the territory sought to be included and organized into the new district.

The fifty-five electors who signed the original petition for the new school district constituted two thirds of all the school electors residing in the territory proposed to be organized into the new school district. The total of such electors, as above stated, being 78. If the names of certain of the electors who signed the original petition for the organization of the new school district, and who were resident electors of the proposed new district, and who subsequently signed the remonstrance, being in number, 11, are deducted from the whole number of those who signed the original petition, to wit; 55, there remain 44, and this number is not two thirds of 78, the whole number of electors in the proposed new district.

The county commissioners and the county superintendent on August 20th, acting jointly, found that the organization of the proposed new district, out of district No. 7, was desirable and necessary. This finding was not made until after the withdrawal of the names of the 11 electors residing in the proposed new district, from the original petition.

On August 20th, the commissioners adopted the following resolution:

"Resolved, that all of school district No. 7, Dickey county, North Dakota—save and except sections 4, 8, and 16, and south half of section 8, and south half of section 15, and the village of Monango, in the said south half of section 8, all in township 131, north of range 63, west, in Dickey county, North Daokta, be and the same is hereby separated and divided from said Keystone School District No. 7, as heretofore existing, and is hereby organized into and made a separate school district, with full powers as such; and the prayer of said petitioners for division is hereby granted; and such division is desirable and necessary."

The appellant assigns only two errors.

(1)   That the court erred in holding that the signing of the remonstrance petition, by 11 of the signers of the original petition, for a division, was a withdrawal of those names from the original petition.

(2)   That it erred in holding that the board of county commissioners and the superintendent of schools, acting jointly, were ousted of jurisdiction to hear the petition on its merits; and in holding that the order entered for the division and organization of the new school district was

wholly void, for the reason that, at the time of the hearing, on August 20th, a remonstrance petition was submitted to the joint board, containing 11 of the signers of the original petition, thereby reducing the number of signers there to less than a two thirds majority of the legal electors in the proposed new school district.

We are of the opinion that this case is governed by the principle contained in the decision of the case of Rosten v. Board of Edu. 43 N. D. 46, 173 N. W. 461. That case involved the validity of an order of the board of education of the special school district of the village of Wild Rose, by which certain territory adjacent to that district was annexed to it. There, between the time of filing the petition for annexation and the date of making the order of annexation, the signers of the original petition had withdrawn in such numbers that the board had no jurisdiction to make the order, if such withdrawals were legal.

In that case, § 949, Comp. Laws, which authorizes the annexation in certain conditions, and § 1240, Comp. Laws, which provides for giving of notice of hearing before the board, with reference to the annexation, were before this court for construction.

The latter section required that, in proceedings under § 949, fourteen days' notice of hearing before the board should be given by publication, and that such territory should not become a part of the special district until five days after such hearing.

The section, with reference to the notice required to be given, presented for consideration in the case at bar, is § 1148, Comp. Laws. It provides:

"Whenever the board of county commissioners and county superintendent of schools shall be petitioned to organize a new school district or to change the boundaries of districts already organized, the county superintendent shall give public notice, for at least thirty days, to the residents of the districts whose boundaries will be affected by the organization of the new district, by mailing a notice to that effect to each school officer of such districts, and by publishing the same in the official newspaper of the county published nearest that district."

It is clear that the school board could make no valid order of division until after the giving of the notice, in accordance with the requirements of this section. It is also clear that the board had no authority or jurisdiction to do any act, with reference to division of the school district, from the

time of the filing of the petition, except to give the notice, until the arrival of the day fixed for hearing on the petition.

Whether the commissioners' order for organization of the new district, made on or after the day of hearing, would be valid, would depend on whether or not, at the time it was made, there was before it a valid petition; that is, a petition at that time containing the names of two thirds of the school electors of the territory to be organized into the new school district. If, between the time of filing the original petition, and the day of hearing, electors in sufficient number had withdrawn their names from the orginal petition, by signing a remonstrance petition, or by making known to the board of county commissioners, before or on the day fixed for the hearing of the petition, the fact that they desired to or had withdrawn their names from the original petition, and such withdrawals were in sufficient number as to reduce the names on the original petition to a number less than the two thirds by law required, it is clear the board of county commissioners, in that event, would have no authority or jurisdiction to make the order.

We stated in Rosten v. Board of Education, supra, as follows:

"It seems to us it was the intention of the legislature in amending § 949 to provide a means whereby those who signed a petition to annex territory to a special school district might reconsider their act in signing the petition and withdraw their names therefrom at any time within the fourteen-day period; that, further, it was the intention of the legislature that there should be a sufficient petition at the time of the making of the order annexing the territory; that, if there was not a sufficient petition at such time, then the board of education would not have the authority to make the order annexing the territory."

We think the same reasoning applies here. It is our opinion that those who signed the original petition had all of the thirty-day period, during which notice was being published, and until and including the time of hearing on the petition, to withdraw their names from it.

The appellant concedes that this case is governed either by the case of Rosten v. Board of Education, supra, or the case of Sim v. Rosholt, 16 N. D. 77, 11 L.R.A. (N. S.) 372, 112 N. W. 50.

The reasons given, in the opinion in the case of Rosten v. Board of Education, why the reasoning and decision in Sim v. Rosholt did not apply in that case, are equally applicable here.

We hold that the signers of the petition who were resident school

electors within the territory attempted to be organized into a new district had the right to withdraw their names from the petition within the time above stated, and that the signing of a remonstrance within that time constitutes a withdrawal of the names of those who signed it.

We further hold that the board of county commissioners had no authority to make the order which purported to create the new district, it clearly appearing that, at the time such order was made, there was no petition on file with the county commissioners which contained the names of two thirds of the school electors of the territory sought to be organized into the new district.

The order and judgment of the district court from which the appeal has been taken are affirmed.

The respondent is entitled to the statutory costs and disbursements on appeal.

ROBINSON, Ch. J., and BIRDZELL, J., concur.

CHRISTIANSON, J. (concurring). The questions presented on this appeal are: (1)   The right of the signers of a petition for the organization of a new school district to withdraw their names therefrom after the petition has been filed with the board having jurisdiction to entertain it, but before hearing has been had and final action taken thereon; and (2) if such right exists, is it exercised by the subsequent signing and filing of a remonstrance against the allowance of the petition?

(1)   I agree with Mr. Justice Grace that the decision of this court in Rosten v. Board of Education, 43 N. D. 46, 173 N. W. 461, is decisive of the first question. The principle announced and the views expressed therein by the different members of this court, both as to the right of petitioners to withdraw their names from a petition after notice of hearing has been given, but before final action has been taken, and the reason why the rule announced in Sim v. Rosholt, 16 N. D. 77, 11 L.R.A. (N. S.) 372, 112 N. W. 50, is inapplicable to a petition like that involved in the Rosten Case, are directly applicable here.

(2)   We are not dealing with a situation where the statute provides a certain mode in which petitioners may withdraw their names from a petition. For it will be noted that our statute prescribes no particular mode in which petitioners must withdraw their names. And where the right to withdraw exists, and the statute prescribes no mode for the exercise of

the right, it would seem that any mode adopted by a petitioner which specifically calls the attention of the board to the fact that he no longer assents to and joins in the petition, but on the contrary protests against the allowance thereof, is sufficient. See note in 15 Ann. Cas. 1126, 1127.

BRONSON, J., concurs.