Petition of the Judson PTO.

**JUDSON PTO, Appellant-Petitioner,**

v.

**NEW SALEM SCHOOL BOARD, Appellee-Respondent and Cross-Appellant.**

**Civ. No. 9404.**

Supreme Court of North Dakota.

Feb. 2, 1978.

---

Kelsch, Kelsch & Tudor, Bismarck, for appellant-petitioner; argued by Thomas B. Tudor, Bismarck.

Orville A. Schulz, New Salem, for appellee-respondent and cross-appellant.

VOGEL, Justice.

This is an appeal by the Judson Parent Teacher Organization (hereinafter PTO)

from the order of the District Court of Morton County dismissing an alternative writ of mandamus which had previously been issued against the New Salem School Board (hereinafter School Board). The case involves two petitions filed with the School Board pursuant to Section 15–53.1–27, N.D.C.C., regarding the reopening of the Judson Elementary School. The School Board cross-appeals the order of the District Court due to a failure of the District Court to rule on a motion to dismiss on the basis of a lack of jurisdiction of the Judson PTO.

In 1959, pursuant to Chapter 15–53, N.D.C.C., the Judson Elementary School, located in the former Justice School District, became a part of the New Salem School District. On March 8, 1976, the School Board ordered the Judson Elementary School closed effective at the end of the 1975–1976 school term. The order closing the school was appealed first to the Morton County Superintendent of Schools and then to the Superintendent of Public Instruction and each affirmed the action of the School Board.

On May 9, 1977, a petition containing 45 signatures was presented to the School Board, at its regular monthly meeting, requesting the reopening of the Judson Elementary School at the beginning of the next regular school term. Section 15–53.1–27, N.D.C.C., provides, in part, that any elementary school which has been closed ". . . for a period of one year or more, may be reopened by action of the school board, and shall be reopened when the electors in the old district so decide by majority vote, or by a petition presented to the school board in the reorganized district signed by two-thirds of the electors in the old district. Such school may be reopened only at the beginning of the next regular school term which follows by at least ninety days the date of the election or the date the validity of the petition is verified."

There were 67 electors residing in the former Justice District at the time the petition dated May 9, 1977, was presented. Therefore, the requirement that two-thirds of the electors sign the petition was met as of that date by the filing of the petition bearing 45 signatures.

A second petition was filed with the School Board on May 27, 1977, by seven of the signers of the first petition requesting that their names on the original petition be withdrawn.

On May 31, 1977, the Judson PTO made application to the District Court of Morton County for an alternative writ of mandamus asking the court to direct the School Board to immediately verify the petition presented to the Board on May 9, 1977, or to show cause why the petition had not been verified. The District Court granted the writ and directed the New Salem School Board to verify the validity of the petition or show cause before the court on June 7, 1977, why the petition has not been verified.

The School Board held a special meeting on June 1, 1977, and resolved that the two petitions dated May 9, 1977, and May 27, 1977, should be considered together and that the two petitions taken together contain insufficient signatures to require the reopening of the Judson Elementary School.

A hearing was held on June 21, 1977, before the District Court of Morton County, after which the court decreed "that the subsequent petition is of the same standing and effect as the original petition and that the School Board properly considered the same . . ." and ordered the case dismissed. This appeal followed.

The issues presented for determination are: (1) whether the appellant, Judson PTO, has standing to sue, and (2) whether any of the persons who petitioned the New Salem School Board pursuant to Section 15–53.1–27, N.D.C.C., could legally withdraw their names after that petition had been filed with the School Board on May 9, 1977.

I

The New Salem School Board argues in this appeal that the Judson PTO has no standing to sue because it is not a "person" within the definition set forth in Rule 4,

N.D.R.Civ.P. The School Board admits in its brief and in oral argument that it failed to make a proper motion to dismiss for lack of jurisdiction. The record shows the following statements as having been made before the district court. Counsel for the School Board said, "I wonder if they [the Judson PTO] are duly organized to have a legal standing in court. Do you know that to be a fact . . . ? Are you a bona fide nonprofit corporation?" [Response by PTO counsel: "No."] "What are you?" [Response by PTO counsel: "A group of people living in the Judson area, just acting under that name rather than individually."] "If I am going to have a defense, I should know who I am defending against." The above colloquy took place between the two attorneys without comment by the judge. No request was made of the judge to rule on the question. No motion was properly before the court and the question of the PTO's right to sue was therefore waived pursuant to Rule 12(h), N.D.R.Civ.P.

■ Even if the issue had been properly raised at the district court level, the issue was waived when not properly raised by appeal to this court. The New Salem School Board filed a Notice of Cross Appeal with this court on October 24, 1977, stating that it was cross-appealing ". . . from the Order of the District Court of Morton County dated June 21, 1977, for failure to rule on a motion to dismiss on the basis of a lack of jurisdiction of the parties designated as the Judson PTO." The New Salem School Board did not file a timely Notice of Appeal as required by Rule 4, N.D.R.App.P. and therefore the issue presented in its cross-appeal is not properly before this court. Rule 4 allows 14 days after the first appeal or 60 days from service of notice of entry of judgment for a cross-appeal. The cross-appeal was not timely.

## II

■ The general rule regarding the effect to be given petitions withdrawing signatures from a prior petition is that a petitioner may always withdraw his name from a petition before the original petition has been filed with the appropriate authority; however, an attempt to withdraw from a petition after that petition has been finally acted upon is of no effect. *Zilske v. Albers*, 238 Iowa 1050, 29 N.W.2d 189 (1947). The confusion which exists with regard to petitions seeking to withdraw signatures between the time the original petition is filed and final action on the petition is taken is due primarily to differences in the underlying statute, ordinance or constitutional provision.

■ The rule in North Dakota as well as other States is that once the board or governing body having authority to pass on or receive the petition has acquired jurisdiction no one is thereafter entitled to withdraw his name from the petition. *State ex rel. Verry v. Murray*, 65 N.D. 600, 260 N.W. 577 (1935); *Chester v. Einarson*, 76 N.D. 205, 34 N.W.2d 418, 35 N.W.2d 137 (1948). This court in *Chester v. Einarson, supra*, restated the rule set forth in *State ex rel. Verry v. Murray, supra*, at 434, that "withdrawals are not permitted after the board or officers to whom the petitions are addressed have acquired jurisdiction." The question then arises as to when the New Salem School Board acquired jurisdiction to act on the petition.

The case law in North Dakota has developed over many years. The first extensive discussion of the issue is found in *Sim v. Rosholt*, 16 N.D. 77, 112 N.W. 50 (1907). In that case, involving the establishment of a drain, this court turned to the Iowa case of *Seibert v. Lovell*, 92 Iowa 507, 61 N.W. 197 (1894), for guidance and "fully approved" the reasoning and holding in that case. In *Seibert* the rule announced was that:

". . . the question of jurisdiction is to be determined from the petition as it was when filed, and without regard to the subsequent acts of the petitioners. [Citations omitted.] So far as affecting the jurisdiction which had already attached was concerned, the protests and remonstrances were of no effect. . . . It must be remembered that jurisdiction did not attach as of the date when the board acted, but as of the date when the

legal petition was filed. The power to act having been conferred upon the board by virtue of a legal petition, it could not be impaired or taken away by the protests, remonstrances, or attempted withdrawals of some of the petitioners." 61 N.W. at 199.

In *Sim, supra,* the statute required that certain steps be taken after the petition was filed such as examining the line of the proposed drain. Preliminary steps were taken by the drain commissioners after the petition was filed and prior to the attempted withdrawal of signatures. This court stated that, "The jurisdiction of the board to establish the drain having attached by the filing of a sufficient petition, it seems plain, under the statute in question, that the retention of such jurisdiction should in no manner depend upon any subsequent acts of the petitioners." 112 N.W. at 52. It is important to note that the statute upon which the *Sim* case was premised did not contain any provision for a notice period or a hearing to be held regarding the petition.

This court in *Rosten v. Board of Education,* 43 N.D. 46, 173 N.W. 461 (1919), a case involving an amendment to the school annexation statute, distinguished the *Sim* case by looking at the differences in statutory provisions. The statute involved in *Rosten* had been amended to provide for a 14-day notice period prior to a hearing being held on the petition seeking the annexation. The court held in *Rosten* that petitioners may withdraw their names at any time within the 14-day notice period. The court, in reaching this conclusion, compared the statute involved in *Sim* to the predecessor of the school annexation statute involved in *Rosten* and said that the reasoning and rule in *Sim v. Rosholt* would have been of "considerable force" had the statute here not been amended to provide for a notice period.

In *State ex rel. Knox v. Stevens,* 48 N.D. 47, 183 N.W. 109 (1921), the court applied the reasoning of *Rosten v. Board of Education* because of the similarity of the statutes involved in the two cases, both of which provided for a notice period and a hearing on the petition. The court in *Stevens* held that ". . . those who signed the original petition had all of the 30-day period during which notice was being published, and until and including the time of hearing on the petition, to withdraw their names from it." 183 N.W. at 111.

*Coghlan v. Cuskelly,* 62 N.D. 275, 244 N.W. 39 (N.D.1932), contains a similar provision to that in the present case, in that there was no provision for notice or hearing on the petition and no reference to withdrawal of signatures from a petition. An article of the North Dakota Constitution provided for petitions for the recall of elected officials and provided that if the petition contained signatures of at least thirty per cent of the qualified electors a special election "shall" be held. The court there noted that:

"There is no provision for hearing on the petition or for protest or remonstrance. There is no provision for the withdrawal of signatures. There is no provision for correction or amendment, . . . When a petition is filed, it is in fact either good or bad, either sufficient or insufficient. If it is good and sufficient, the officer has no discretion thereafter except that permitted him by reason of the five-day variation for the date of the election. He 'shall' call the election. . . So it seems to us, considering the mandatory character of article 33, that the petition must be determined to be good or bad as of the date when it is filed." (Citing *Seibert v. Lovell, supra,* and *Sim v. Rosholt, supra.*) 244 N.W. at 41.

Another case involving the establishment of a drain, *Chester v. Einarson,* 76 N.D. 205, 34 N.W.2d 418, 35 N.W.2d 137 (1948), provided a statutory framework which differs from that in the present case. In *Chester v. Einarson,* the statutes provided for notice and hearing on the petition and vested the drain commissioners of the particular county with discretion in determining whether the proposed drain is necessary for the public good. The court held that:

". . . remonstrances could be filed and withdrawals from such remonstranc-

es made during such hearing and until the close thereof, but not thereafter. That is to say, withdrawals could be made from the remonstrances until the board had passed upon the sufficiency thereof and until it adopted a resolution ordering a discontinuance of proceedings." 34 N.W.2d at 435.

A case involving the paving of city streets, *Gallaher v. City of Fargo*, 64 N.W.2d 444 (N.D.1954), also involved a statute which provided for notice and hearing on the petition. The court there held that petitioners may withdraw their names from the petitions until the meeting of the governing body held for the purpose of determining the sufficiency of the petitions.

■ From the above discussion of North Dakota cases dealing with the issue we conclude that the North Dakota rules are: (1) where the statute or constitutional provision requires notice and a hearing regarding a petition, the petitioners are entitled to withdraw their names until the notice and hearing on the petition are completed (the reason being that the governing body acquires jurisdiction[1] only after the notice and hearing are completed) [*Rosten v. Board of Education, supra*; *State v. Stevens, supra*; *State ex rel. Verry v. Murphy, supra*; *Chester v. Einarson, supra*; *Gallaher v. City of Fargo, supra*], and (2) where the statute or constitutional provision contains no provision for notice or hearing and no provision for the withdrawal of signatures from a petition, the governing body acquires jurisdiction at the time the petition is filed with the proper authority and thereafter any withdrawal of signatures from a petition filed with the appropriate authority is of no effect. (*Seibert v. Lovell, supra*; *Sim v. Rosholt, supra*; and *Coghlan v. Cuskelly, supra*).

■ In the present case, the statute provided no provision for notice or hearing on the petition and made no reference to withdrawals of signatures from a petition. Therefore, the New Salem School Board acquired jurisdiction when the original petition requesting the reopening of Judson Elementary School was filed on May 9, 1976. The petition was at the time of filing either sufficient or insufficient and no discretion was left with the Board to consider the merits of the requested reopening. In the present case it was sufficient since the law states that the school ". . . shall be reopened when the electors in the old district so decide . . . by a petition presented to the school board in the reorganized district signed by two-thirds of the electors in the old district". Section 15–53.-1–27, N.D.C.C. Since the number of signers at the time jurisdiction attached was sufficient, it follows that the school must be reopened at the beginning of the 1978–79 school year.

The case is reversed and remanded to the District Court for entry of a judgment ordering the reopening of the school.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

---

1. "Jurisdiction" ordinarily is used in the sense of authority to act. As used in the cases we have cited it may mean not only the authority, but a mandate, to act. It is in the latter sense that we apply it to the statute we are construing in this case.